**In re R.W.J., Appellant.**

[Cite as *In re R.W.J.*, 155 Ohio App.3d 52, 2003-Ohio-5407.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2002–CA–106.

Decided Oct. 10, 2003.

Suzanne Luthe, Clark County Assistant Prosecuting Attorney, for the state of Ohio.

Don Brezine, for appellant.

FAIN, Presiding Judge.

{¶ 1} The appellant in this case, R.W.J., was adjudicated a delinquent child after he attempted to commit arson by starting a fire in a trash can at Roosevelt Middle School. In an entry filed on September 21, 2001, the juvenile court committed R.W.J. to the Ohio Department of Youth Services ("DYS") for a period of six months. The court then suspended the sentence and placed him on indefinite probation. As part of the probation, R.W.J. was placed in a residential program at West Central Juvenile Rehabilitation Facility ("WCJRF"). R.W.J. successfully completed the WCJRF program and was released to his parents' custody in August 2001. However, his probation was also continued.

{¶ 2} Subsequently, R.W.J. violated probation by running away from home in July 2002. After serving a short amount of time in detention, he was placed on electronic monitoring in his parents' home. Ultimately, the court revoked R.W.J.'s probation because he had failed to obey the rules for electronic monitoring and he had also failed to pay fines that had been imposed. R.W.J. was then committed to the custody of DYS for an indefinite term, with a minimum period of six months and a maximum period extending to R.W.J.'s 21st birthday.

{¶ 3} R.W.J. appeals from the order of commitment, raising the following assignment of error:

{¶ 4} "It is error for the Juvenile [Court], having imposed a sentence on a delinquent juvenile and [having] suspended that sentence, to revisit the sentencing upon the occasion of a probation violation by the juvenile to impose a new and more severe sentence."

{¶ 5} After considering the record and the applicable law, we find the assignment of error to be without merit.

{¶ 6} In contending that the trial court erred, R.W.J. points out that the court originally imposed only a six-month sentence, but then later changed the sentence to six months minimum, with a maximum commitment until he reached age 21. This was a potential increase of about five and a half years, because R.W.J. was 15 and a half years old when his probation was revoked. R.W.J. says this was an improper increase under *State v. Draper* (1991), 60 Ohio St.3d 81, 573 N.E.2d 602, which restricts enhancement of sentences to cases where probation is granted pursuant to R.C. 2929.51(A) and 2951.02. Because probation in the present case was not granted under these statutes, R.W.J. claims that the judgment of the trial court was erroneous and should be reversed.

{¶ 7} In response, the state argues that this matter is moot, because R.W.J. was released from DYS on March 23, 2003. The state does agree that the trial court could not properly impose a new and more severe sentence. However, the state argues that this did not happen in the present case, because there were no differences between the original sentence and the sentence that was imposed after the probation violation.

{¶ 8} Since the appeal must be dismissed if it is moot, we will consider that issue first. In the present case, R.W.J. does not challenge the delinquency adjudication; instead, he contests only the sentence that was imposed. Normally, this would moot the appeal, because we would not be able to order any relief. See, e.g., *State v. Henson*, Champaign App. No. 2002CA21, 2003-Ohio-4426, 2003 WL 21991578, ¶ 9. However, we are unable to determine whether this is the case because we have no record of any order relating to the release. While we accept the state's representation that R.W.J. was released from DYS, we cannot tell whether any conditions have been imposed, the violation of which might cause R.W.J. to be returned to the institution. See *State v. Cochran* (June 1, 2001), Montgomery App. No. 18424, 2001 WL 585605, * 1 (holding that an appeal is not moot where a sentence is completed, if the defendant is subject to postrelease control). Because the record fails to reflect the absence of release conditions that could affect R.W.J., the appeal is not moot.

{¶ 9} As for the merits of the appeal, R.W.J. claims that the court improperly increased his sentence from the six-month term originally imposed. As noted, the state agrees that the court could not properly increase the sentence, but contends that no enhancement occurred. After reviewing the record, we conclude that the sentence was altered, but we do not agree that the court erred by changing its order.

{¶ 10} In this case, the trial court filed several dispositional orders. The first was filed on September 5, 2001. At that time, the court ordered that R.W.J. be committed to the Department of Youth Services "for a minimum of six months, suspended." The court also "continued" R.W.J. on probation, even though no prior order of probation had been filed. Neither side appealed from that order.

{¶ 11} A second dispositional order was filed on September 21, 2001. In this order, the court committed R.W.J. "to the custody of the Ohio Department of Youth Services for a term of six months." The order also suspended the commitment and placed R.W.J. on indefinite probation with the court, subject to various terms and conditions. Again, neither R.W.J. nor the state appealed.

{¶ 12} After the probation violations, the trial court filed another dispositional order on November 5, 2002, committing R.W.J. "to the legal custody of the Department of Youth Services for institutionalization for an indefinite term consisting of a minimum period of six months and maximum period not to exceed

the youth's attainment of the age of twenty-one (21) years." This appeal is from that order.

{¶ 13} The first two orders are somewhat conflicting. One specifies a "minimum" term but does not mention a maximum term, leaving the court's intent in doubt. However, the second order removes any doubt as to intent by imposing only a six-month term. The final order conflicts with the second order, and possibly with the first, by specifying both a minimum and maximum term of commitment. As a result, R.W.J. is correct when he says that the sentence was increased.

{¶ 14} Nonetheless, after reviewing the applicable statute, we find no error in the increase or change in sentence. At the time of the original dispositional order, R.C. 2151.355(A) provided:

{¶ 15} "If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:

{¶ 16} " * * *

{¶ 17} "(2) Place the child on probation under any conditions that the court prescribes.

{¶ 18} " * * *

{¶ 19} "(4) If the child is adjudicated a delinquent child for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult or for violating division (A) of section 2923.211 of the Revised Code, commit the child to the legal custody of the department of youth services for institutionalization for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age * * *."

{¶ 20} R.W.J.'s offense was an attempt to commit arson, which, under the circumstances of this case, would have been a fifth-degree felony if committed by an adult. See R.C. 2909.03(A)(3) and 2923.02(E). The trial court had the ability to order probation under R.C. 2151.355(A) and properly did so. However, once the court decided to commit R.W.J. to DYS, it was required to comply with R.C. 2151.355(A)(4), which mandates an indefinite term of six months as a minimum and a maximum term not to extend past R.W.J.'s 21st birthday. Because the trial court had no authority to impose a definite sentence of six months, its order purporting to do so was a nullity, and was, therefore, void. Specifically, " '[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.' " *In re Vaughters* (Nov. 1, 2001), Cuyahoga App. No. 79056, 2001 WL 1352661, * 1, quoting *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774. See, also, *In*

*re Ingram,* Cuyahoga App. No. 79808, 2002-Ohio-806, 2002 WL 334738, ¶ 6; and *In re Hall* (Apr. 1, 1991), Preble App. No. CA90–11–021, 1991 WL 44356, * 2.

{¶ 21} Accordingly, to the extent that the original orders purported to impose a definite term of six months, they were nullities, because imposition of a definite sentence was not authorized by statute. This also makes any failure to appeal from these orders immaterial. And since the trial court's final dispositional order correctly imposed the indefinite term mandated by R.C. 2151.355(A)(4), it is not erroneous and should not be reversed. For these reasons, we conclude that the assignment of error is without merit, although not for the reasons the state suggested.

{¶ 22} R.W.J.'s sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

GRADY and FREDERICK N. YOUNG, JJ., concur.