JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Alex Chandler ("appellant") appeals from the judgment of the trial court, sentencing him to an increased term of incarceration following a remand for resentencing from this court. For the reasons set forth below, we affirm.
 {¶ 2} On November 12, 2001, appellant was indicted in CR-417197 on two counts of possession of drugs in violation of R.C. 2925.11, one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, and one count of an assault on a peace officer in violation of R.C.2903.13. In May of 2002, appellant pled guilty to one count of possession of drugs and one count of failure to comply with the order or signal of a police officer. The remaining counts were nolled. He was thereafter sentenced to twelve months incarceration on both counts, to run concurrently with each other and with cases CR-413006 and CR-416231. Appellant was also subject to the maximum allowable period of post-release control under R.C. 2967.28. Appellant appealed his sentence to this court in State v. Chandler, Cuyahoga App. No. 82127, 2003-Ohio-3380 ("Chandler I").
 {¶ 3} In Chandler I, this court determined that the trial court sentenced appellant on the failure to comply charge without citing to any of the sentencing factors set forth in R.C.2921.331 (C). Id. Further, this court found that the trial court failed to state any reasons for imposing a prison term on the possession charge, in derogation of R.C. 2929.11. Id. The state conceded both errors and this court reversed appellant's sentence and remanded it for resentencing.
 {¶ 4} Upon remand, a different judge sentenced appellant to sixteen months incarceration on count one and four years incarceration on count three, to run consecutively to one another. It is from this ruling that appellant now appeals, asserting four assignments of error for our review, which we address out of order.
 {¶ 5} "III. Defendant was denied due process of law when, during his original appeal, his appeal had become moot as he was only contesting the failure of the court to comply with the statutory guidelines for imposing sentence."
 {¶ 6} Appellant filed his notice of appeal in Chandler I in November 2002, well before he completed his sentence. Months passed while both parties complied with this court's briefing and hearing schedules. Appellant eventually completed his term of incarceration prior to the release of this court's opinion inChandler I.
 {¶ 7} Appellant maintains that, because he had completed his term of incarceration for these convictions, his case should have been rendered moot by this court in Chandler I. Generally, however, an appeal is not moot where a sentence is completed if the defendant is subject to post-release control. In re R.W.J.,155 Ohio App.3d 52, 2003-Ohio-5407, citing State v. Cochran
(June 1, 2001), Montgomery App. No. 18424 (overruled on other grounds in State v. Foster, 150 Ohio App.3d 669,2002-Ohio-6783).
 {¶ 8} In support of his contention, appellant relies onState v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712. However, appellant's reliance is misplaced. In Beamon,
appellant was not subject to any period of post release control. Conversely, in this case, because the record does not reveal the absence of post release control conditions, we find the appeal is not moot and therefore overrule this assignment of error.
 {¶ 9} "I. Defendant was denied his constitutional rights when he was sentenced to an increased sentence after the case was reversed and remanded for resentencing."
 {¶ 10} Appellant argues that his constitutional rights were violated when, upon remand, he was sentenced to a harsher sentence than his original sentence. We disagree.
 {¶ 11} A trial court violates the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence when motivated by vindictive retaliation. NorthCarolina v. Pearce (1969), 395 U.S. 711, 724. A presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. Id. However, that presumption does not apply when the resentencing judge is different than the original sentencing judge. State v. Douse,
Cuyahoga App. No. 82008, 2003-Ohio-5238, citing State v.Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, P25; Lodi v.McMasters (1986), 31 Ohio App.3d 275, 277.
 {¶ 12} In this case, the trial judge who resentenced appellant was different from the judge who originally sentenced him. Therefore, the presumption of vindictiveness is absent. We find appellant's reliance on this court's decision in State v.Anderson, 151 Ohio App.3d 422, 2003-Ohio-429 misplaced. In that case, the resentencing judge was the same judge who had originally sentenced the defendant and, upon resentencing, failed to overcome the presumption of vindictiveness.
 {¶ 13} The sentencing judges in this case were different and, therefore, there was no presumption of vindictiveness at resentencing. Accord State v. Johnson, Montgomery App. No. 18937, 2002-Ohio-4339.
 {¶ 14} "Even though a presumption of vindictiveness does not apply, a defendant may nevertheless seek to demonstrate, from the record, that the harsher sentence is the product of judicial vindictiveness." Id. Appellant has failed to demonstrate from the record that the harsher sentence is the product of judicial vindictiveness. Our review of the resentencing record reveals that the trial court properly considered the presentence investigation report and thereafter sentenced appellant within the applicable statutory framework.
 {¶ 15} Interestingly, we note that it should have been obvious on appeal and thereafter on remand that appellant would be subject to an increased sentence. That is because the statute under which he was sentenced, namely R.C. 2921.331, explicitly states, "(D) If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison termconsecutively to any other prison term or mandatory prison term imposed on the offender." [Emphasis added.] Appellant's original sentence was erroneously run concurrently. Therefore, any alleged impropriety on the part of the trial court in this regard is also without merit.
 {¶ 16} We reject appellant's contention that his due process rights were violated as a result of the trial court's imposition of harsher sentence on remand where there was no presumption of or actual evidence of vindictiveness on the part of the trial court.
 {¶ 17} "II. Defendant was denied due process of law when the court would not allow defendant to withdraw his plea of guilty."
 {¶ 18} In his second assignment of error, appellant maintains that the trial court would not allow defendant to withdraw his guilty plea. We disagree.
 {¶ 19} Following the resentencing of appellant, the trial court asked appellant's counsel if he had anything further. The following colloquy took place:
 {¶ 20} "[Appellant's counsel]: No. I don't know. Maybe he should withdraw his plea.
 {¶ 21} "The Court: Well —
 {¶ 22} "[Appellant's counsel]: He was never informed, you know, as far as I recall. I mean, I didn't do the original plea, but as far as I saw, there was nothing said at that time about being a consecutive sentence or even as a potential of being consecutive or required to be consecutive.
 {¶ 23} "The Court: I suppose if he wants to withdraw that plea, that's an issue he needs to talk about, but he also got his as part of the plea bargain in which he had greater, much greater * * *." (T. 47).
 {¶ 24} Thereafter, appellant questioned the trial judge regarding the imposition of a greater sentence, explaining that he never asked for his case to be appealed. The court responded:
 {¶ 25} "The Court: I don't know what to tell you. I didn't appeal your case. Your case was appealed and I was ordered to do a proper sentence under Ohio's felony sentencing law * * *." (T.47-48).
 {¶ 26} Thereafter the resentencing hearing concluded and neither appellant's counsel nor appellant requested the court to consider, nor did either formally move the trial court, to withdraw his guilty plea. We find that appellant wholly failed, orally or by written motion, to request that the trial court allow him to withdraw his guilty plea. As such, the trial court did not err and this assignment of error is overruled.
 {¶ 27} "IV. Defendant was denied due process of law when the court proceeded to make a credibility determination without seeing or hearing witnesses."
 {¶ 28} In his final assignment of error, appellant alleges that the trial court improperly made a credibility determination regarding Corporal Rowe of the Shaker Heights Police Department based on a written statement. Appellant relies on various propositions of law to support this contention, all of which we reject.
 {¶ 29} Initially, appellant maintains that the trial court's reliance on a written statement rather than testimony from the Shaker Heights Police Department violates the tenet that "the one who decides must hear," citing Morgan v. United States (1936),298 U.S. 468, 481. Appellant maintains that Morgan supports his proposition that the trial court was required to actually hear, rather than read, the testimony of Corporal Rowe before determining that his statement was more credible than appellant's. We disagree. We note, however, that Morgan relates to due process rights in the context of an administrative appeal and find that it has no application in the instant case. Furthermore, with regard to Morgan, the Ohio Supreme Court has stated:
 {¶ 30} "[State, ex rel. Ormet Corp., v. Indus. Comm.
(1990), 54 Ohio St.3d 102] examined Morgan and the three decisions arising from it and concluded that the United States Supreme Court did not intend such a narrow interpretation of `hear.' Instead, we held that a party had been sufficiently `heard' for due process purposes when the decision maker `in some meaningful manner, consider[ed] evidence obtained at a hearing.'" [Internal citations omitted.] We therefore reject appellant's argument.
 {¶ 31} Next, for support of his allegation that the trial court improperly determined the Shaker Heights police officer to be more credible than appellant, appellant relies on State v.Hopfer (1996), 112 Ohio App.3d 521. In that case, the court stated,
 {¶ 32} "As a general rule, a trial court must avoid expressing any opinion to the jury concerning the probative value of evidence or the credibility of any particular witness. In a trial before a jury, the court's participation by questioning or comment must be scrupulously limited, lest the court, consciously or unconsciously, indicate to the jury its opinion on the evidence or on the credibility of a witness."
 {¶ 33} Id. Therefore, we find the proposition for whichHopfer stands wholly inapplicable to the instant case, which clearly was a re-sentencing matter, not a jury trial.
 {¶ 34} Last, appellant contends that the trial court improperly relied upon personal knowledge which was not in evidence when rendering its sentencing judgment. While appellant cites case law in support of this proposition, he fails to cite any portion of the record in which the trial court allegedly erred. App.R. 16(A)(7). An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v.Watson (1998), 126 Ohio App.3d 316, discretionary appeal disallowed in (1998), 82 Ohio St.3d. We therefore decline to address appellant's final contention within this assignment of error.
 {¶ 35} We find that the trial court properly relied on the presentence investigation report, which included Corporal Rowe's written statement, that was contained in the record. We therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Celebrezze, Jr., J., concur.