ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Alex Chandler ("defendant") appeals from the judgment of the trial court, sentencing him to an increased term of incarceration following a remand for resentencing from this court. For the reasons set forth below, we affirm.
 {¶ 2} On November 15, 2001, defendant was indicted in CR-416231 on two counts of possession of drugs in violation of R.C. 2925.11, two counts of trafficking in drugs, in violation of R.C. 2925.03, all with firearm specifications, one count of possession of criminal tools, and one count of having a weapon under a disability, in violation of R.C. 2923.13. Defendant pled not guilty to the indictment. In May of 2002, defendant retracted his former plea of not guilty and entered a plea of guilty to one count of possession of drugs, as amended and one count of having a weapon under a disability. The remaining counts were nolled. He was thereafter sentenced to twelve months incarceration on both counts, to run concurrently with each other and with cases CR-413006 and CR-417197. Defendant was also subject to the maximum allowable period of post-release control under R.C.2967.28. Defendant appealed his sentence to this court in Statev. Chandler, Cuyahoga App. No. 81922, 2003-Ohio-3529 ("Chandler").
 {¶ 3} In Chandler, this court determined that the trial court improperly sentenced defendant for a fourth-degree felony on the charge of having a weapon while under disability, when, in fact, the offense was a fifth-degree felony. This court also found that the trial court failed to make the requisite findings on the record necessary to impose a term of incarceration rather than community control sanctions, and also failed to make the required findings to impose a maximum term of incarceration. This court vacated defendant's original sentence and remanded it for resentencing.
 {¶ 4} Upon remand, a different judge sentenced defendant to sixteen months incarceration on one count and ten months incarceration on the other, to run consecutively to one another. The court also suspended defendant's driver's license for five years. It is from this ruling that defendant now appeals, asserting three assignments of error for our review, which we address out of order.
 {¶ 5} "III. Defendant was denied due process of law when, during his original appeal, his appeal had become moot as he was only contesting the failure of the court to comply with the statutory guidelines for imposing a sentence."
 {¶ 6} Defendant filed his notice of appeal in Chandler in October 2002, well before he completed his sentence. Months passed while both parties complied with this court's briefing and hearing schedules. Defendant eventually completed his term of incarceration prior to the release of this court's opinion inChandler.
 {¶ 7} We note initially, that this case is remarkably similar to defendant's case in State v. Chandler (Chandler II), Cuyahoga App. No. 83629. He maintains now, as he did in ChandlerII, that because he had completed his term of incarceration for these convictions, his case should have been rendered moot by this court in Chandler. As we stated in Chandler II, however, an appeal is generally not moot where a sentence is completed if the defendant is subject to post-release control. In Re:R.W.J., 155 Ohio App.3d 52, 2003-Ohio-5407, citing State v.Cochran (June 1, 2001), Montgomery App. No. 18424 (overruled on other grounds in State v. Foster, 150 Ohio App.3d 669,2002-Ohio-6783).
 {¶ 8} In support of his contention, defendant relies onState v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712. However, defendant's reliance is misplaced. In Beamon, the appellant was not subject to any period of post release control. Conversely, in this case, because the record does not reveal the absence of post-release control conditions, we find the appeal is not moot and therefore overrule this assignment of error.
 {¶ 9} "I. Defendant was denied his constitutional rights when he was sentenced to an increased sentence after this case was reversed and remanded for resentencing."
 {¶ 10} Appellant argues, as he did in Chandler II, that his constitutional rights were violated when, upon remand, he was sentenced to a harsher sentence than his original sentence. We disagree.
 {¶ 11} A trial court violates the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence when motivated by vindictive retaliation. NorthCarolina v. Pearce (1969), 395 U.S. 711, 724. A presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. Id. However, that presumption does not apply when the resentencing judge is different than the original sentencing judge. State v. Douse,
Cuyahoga App. No. 82008, 2003-Ohio-5238, citing State v.Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, P25; Lodi v.McMasters (1986), 31 Ohio App.3d 275, 277.
 {¶ 12} In this case, the trial judge who resentenced defendant was different from the judge who originally sentenced him. Therefore, the presumption of vindictiveness is absent. We find defendant's reliance on this court's decision in State v.Anderson, 151 Ohio App.3d 422, 2003-Ohio-429 misplaced. In that case, the resentencing judge was the same judge who had originally sentenced the defendant and, upon resentencing, failed to overcome the presumption of vindictiveness.
 {¶ 13} The sentencing judges in this case were different and, therefore, there was no presumption of vindictiveness at resentencing. Accord State v. Johnson, Montgomery App. No. 18937, 2002-Ohio-4339.
 {¶ 14} "Even though a presumption of vindictiveness does not apply, a defendant may nevertheless seek to demonstrate, from the record, that the harsher sentence is the product of judicial vindictiveness." Id. Appellant has failed to demonstrate from the record that the harsher sentence is the product of judicial vindictiveness. Our review of the resentencing record reveals that the trial court properly considered the presentence investigation report and thereafter sentenced defendant within the applicable statutory framework.
 {¶ 15} We reject appellant's contention that his due process rights were violated as a result of the trial court's imposition of harsher sentence on remand where there was no presumption or actual evidence of vindictiveness on the part of the trial court.
 {¶ 16} "II. Defendant was denied due process of law when the court would not allow defendant to withdraw his plea of guilty."
 {¶ 17} In his second assignment of error, defendant maintains that the trial court would not allow defendant to withdraw his guilty plea. Interestingly, he cites to the same resentencing transcript that this court reviewed in Chandler II.
 {¶ 18} In Chandler II, we stated:
 {¶ 19} "Following the resentencing of appellant, the trial court asked appellant's counsel if he had anything further. The following colloquy took place:
 {¶ 20} `[Appellant's counsel]: No. I don't know. Maybe he should withdraw his plea.
 {¶ 21} `The Court: Well —
 {¶ 22} `[Appellant's counsel]: He was never informed, you know, as far as I recall. I mean, I didn't do the original plea, but as far as I saw, there was nothing said at that time about being a consecutive sentence or even as a potential of being consecutive or required to be consecutive.
 {¶ 23} `The Court: I suppose if he wants to withdraw that plea, that's an issue he needs to talk about, but he also got his as part of the plea bargain in which he had greater, much greater * * *.'" (T. 47).
 {¶ 24} "Thereafter, appellant questioned the trial judge regarding the imposition of a greater sentence, explaining that he never asked for his case to be appealed. The court responded:
 {¶ 25} `The Court: I don't know what to tell you. I didn't appeal your case. Your case was appealed and I was ordered to do a proper sentence under Ohio's felony sentencing law * * *.' (T.47-48).
 {¶ 26} "Thereafter the resentencing hearing concluded and neither appellant's counsel nor appellant requested the court to consider, nor did either formally move the trial court, to withdraw his guilty plea. We find that appellant wholly failed, orally or by written motion, to request that the trial court allow him to withdraw his guilty plea."
 {¶ 27} Having found that defendant failed to properly request that he withdraw his guilty plea, we need not address defendant's argument that he should be permitted to withdraw his plea based on State v. Calvillo (1991), 76 Ohio App.3d 714[1]
 {¶ 28} We find, as we did in Chandler II, that the trial court did not err and overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Calabrese, Jr., J., concur.
[1] Holding that Crim.R. 11(C) is not satisfied where a defendant is incorrectly informed of the penalties for crimes to which he is pleading guilty.