JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Brian Adams, appeals the sentence imposed by the Cuyahoga County Common Pleas Court for his convictions for vandalism and aggravated menacing. We vacate appellant's sentence and remand for resentencing.
 {¶ 2} The record reflects that a two-count indictment was returned against appellant charging him with vandalism, in violation of R.C. 2909.05, and aggravated menacing, in violation of R.C. 2903.21. The events precipitating these charges occurred at the Justice Center in September 2003 when appellant, appearing in the housing court on an unrelated case, grabbed the microphone of WKYC TV 3 investigative reporter Carl Monday and threw it to the ground. Apparently, Monday was investigating a story involving appellant and the sale of meat from his home. As appellant was driving away from the courthouse, Monday was exiting the Justice Center. Appellant got out of his car and approached Monday in an apparently threatening manner, giving rise to the aggravated menacing charge.
 {¶ 3} A jury eventually found appellant guilty of both charges. At the sentencing hearing that followed, the trial court imposed a concurrent sentence of ten months in prison and 30 days in jail on the vandalism and aggravated menacing convictions. The trial court also notified appellant that he would be subject to three years of post-release control.
 {¶ 4} Appellant is now before this court and assigns three errors for our review. We confine our discussion to the sentence imposed for the vandalism conviction only because appellant's assigned errors are limited to the sentence imposed for that offense.
 {¶ 5} We note preliminarily that the record is devoid of any request a stay the execution of sentence pending appeal. Indeed, the parties informed the court at oral argument that appellant served his ten-month term of imprisonment and was recently released. Contrary to the parties' arguments, however, this appeal is not moot.
 {¶ 6} In general, an appeal from a felony conviction is not moot even if the entire sentence has been served before the appeal is decided because of the "obvious civil disabilities that occur once the offender is labeled a `felon.'" State v. Golston
(1994), 71 Ohio St.3d 224, 227. For example, a convicted felon may not serve as a juror, may never hold an office of "honor, trust, or profit," may not engage in certain occupations, and may not obtain or hold certain licenses. Id. The rule of law espoused in Golston, however, cannot be applied to a criminal defendant who is merely challenging the appropriateness of the felony sentence itself. There is no remedy that a reviewing court could order that would be effective in the absence of a reversal of the underlying conviction. State v. Verdream, 7th Dist. No. 02CA222, 2003-Ohio-7284; see, also, State v. Moore, 7th Dist. No. 00AP0741, 2002-Ohio-5047.
 {¶ 7} An appeal is not generally moot, however, where the sentence is completed and the defendant is subject to post-release control. See In re R.J.W., 155 Ohio App.3d 52, at ¶ 8, citing State v. Cochran (June 1, 2001), 2nd Dist. No. 18424, 2001 Ohio App. Lexis 2456; see, also, State v. Chandler,
Cuyahoga App. No 83963, 2004-Ohio-4242, at ¶ 7. Because appellant is subject to three years post-release control, his appeal is not moot.
 {¶ 8} In general, a reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). Under the facts of this cases, appellant's conviction for vandalism is a fifth degree felony. See R.C. 2909.05(E). If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of six, seven, eight, nine, ten, eleven or twelve months is required for a fifth degree felony under R.C. 2929.14(A)(5).
 {¶ 9} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Toward that end, R.C. 2929.11(A) provides:
 {¶ 10} "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 Community Control Sanctions for Fifth Degree Felony {¶ 11} In his first assignment of error, appellant contends that the trial court's sentence violates R.C. 2929.13(B) and (C). In particular, appellant argues that he should have been sentenced to community control sanctions rather than a term of imprisonment.
 {¶ 12} R.C. 2929.13 provides guidance for the trial court when sentencing felonies of varying degrees. Relevant to appellant's argument is subsection (B)(1), which requires the trial court to determine the applicability of any of several factors before sentencing certain[1] fourth or fifth degree felonies. These factors include:
 {¶ 13} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 14} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 15} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 16} "(d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 {¶ 17} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 18} "(f) The offense is a sex offense * * *.
 {¶ 19} "(g) The offender previously served a prison term.
 {¶ 20} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on bond or personal recognizance.
 {¶ 21} "(i) The offender committed the offense while in possession of a firearm." See R.C. 2929.13(B)(1); see, also,State v. Kawaguchi (2000), 137 Ohio App.3d 597, 605.
 {¶ 22} If a court makes any such finding and if, after considering the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing and finds that the offender is not amenable to an available community control sanction, the court must impose a prison sentence. See R.C. 2929.13(B)(2)(a). Conversely, if a court finds none of the factors set forth in R.C. 2929.13(B)(1) applicable and if, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, finds that a community control sanction is consistent with the purposes and principles of sentencing, the court must impose a community control sanction upon the offender. See R.C. 2929.13(B)(2)(b).
 {¶ 23} Written in the conjunctive, it is not enough that the factors set forth in R.C. 2929.13(B) are inapplicable. The court must also find, after considering the factors set forth in R.C.2929.12, that the imposition of a community control sanction is consistent with the purposes and principles of felony sentencing. If it is not consistent with those purposes and principles, then the trial court does not err in imposing a prison term. SeeState v. Brown (2001), 146 Ohio App.3d 654, 658; see, also,State v. Chandler, Cuyahoga App. No. 81922, 2003-Ohio-3529, at ¶¶ 26-27.
 {¶ 24} At the sentencing appellant, the court, addressing appellant, stated:
 {¶ 25} "* * * I find that, separate and apart from your conduct involving Channel 3 and Mr. Monday, you have evidenced high disregard for the law, going back as far as 1982. I also notice that throughout all of those cases that I have reports on, all be it misdemeanors, but through all of them, you have pled no contest. I do not see that as accepting responsibility for your actions in any of those cases."
 {¶ 26} After discussing Monday's statements at the sentencing hearing, the court continued:
 {¶ 27} "Moreover, cases that you've had in the past, as I've said, you didn't plead guilty, you pled no contest. I can't tell what you pled to, the health code violation, but it certainly seems to me, from what I have reported in front of me, that you did, in fact plea bargain such that you had many, many violations dismissed and possibly pled guilty to a few of them.
 {¶ 28} "That's what I assume. * * *"
 {¶ 29} The court thereafter detailed appellant's conduct in threatening Monday and his cameraman as well as appellant's role in selling meat from his home. After chastising appellant for his work history and claiming that he demonstrated "[t]wenty-two years of disregard for the law," the court thereafter sentenced appellant as it did.
 {¶ 30} Nowhere in the court's dissertation, however, is there any reference to those factors required to be considered under R.C. 2929.13(B) or 2929.12. Although we can surmise from the record before us that none of the R.C. 2929.13(B)(1) factors are applicable in this case, there is nothing in the record to indicate that the court considered the seriousness and recidivism factors set forth in R.C. 2929.12. Indeed, the court's remarks indicate that community control sanctions were not even considered, much less rejected, despite the court's authority to impose community control sanctions under R.C. 2929.13(B)(2)(b).
 {¶ 31} Accordingly, we find merit appellant's argument and, therefore, sustain his first assignment or error to the extent that the court failed to consider the factors set forth in R.C.2929.12.
 Greater than Minimum Sentence {¶ 32} In his second assignment of error, appellant complains that the court erred in imposing greater than the minimum sentence.
 {¶ 33} R.C. 2929.14(B) requires the trial court to impose the minimum prison term if the offender has never before served a prison term, unless it finds on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Because appellant had not before previously been in prison, it was incumbent upon the trial court to make the necessary finding indicating that a longer prison term was necessary. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph two of the syllabus.
 {¶ 34} Although the ten-month prison term imposed by the court is within the range of permissible terms for a fifth-degree felony, it is four months more than the minimum six-month sentence for such an offense. In imposing sentence, the court stated;
 {¶ 35} "* * * [W]hen I first heard this case, I thought maybe — well, that just bought a little more time — I was going to sentence you, as first offender, to the minimum sentence, but that look, that threatening look you just made, * * * proves to this court that the shortest prison term will demean the seriousness of the offense and it will not adequately protect the public and, in particular, would not adequately protect Channel 3 or Carl Monday."
 {¶ 36} Appellant takes issue with court's reason for imposing greater than the minimum sentence, which was apparently a facial expression exhibited by the appellant during sentencing. In this regard, appellant argues that a perceived facial expression "does nothing to alter whether a minimum sentence will `adequately protect the public from future crime by the offender or others.'" A court is not required to state the reason for its finding, however. See Comer, 2003-Ohio-4165, at ¶ 26. Although appellant acknowledges as much, he argues that the court's finding merely gave "lip service" to its statutory duty.
 {¶ 37} The state relies on State v. Cowans (1999),87 Ohio St.3d 68, for the proposition that a trial judge's "factual determinations," which can be based on, among other things, facial expressions, are accorded deference by a reviewing court. Id. at 84. Although we are in general agreement with this rule of law, we are troubled by the fact that the court relied on afacial expression as support for its finding. Again, acknowledging that the court was not required to state any
reason in support of its finding, it is disconcerting to discover that the court did, indeed, use such a subjective basis in wielding its sentencing authority.
 {¶ 38} Under certain circumstances, an offender's conduct during sentencing could influence the trial judge's sentencing options. Here, however, appellant expressed his remorse and apologized to his victim in open court. There is nothing in the record before us that is consistent with characterizing appellant as a recalcitrant or disruptive offender that could justify the finding made by the court or the sentence meted out.
 {¶ 39} Were we to uphold the trial judge's sentencing order on this basis, what would prevent another sentencing judge from imposing a certain sentence because of the appearance of the offender before it? To be sure, a trial court has not only the responsibility but the obligation to maintain a sense of order and respectful decorum in its courtroom. Conduct in violation of that duty, however, is best left to the contempt powers of the court, rather than an enhancement in sentencing.
 {¶ 40} Appellant's second assignment of error is well taken and is sustained.
 Imposition of Post-Release Control {¶ 41} In his third assignment of error, appellant contends that the court's imposition of postrelease control is in violation of R.C. 2967.28, which leaves the term of post-release control at the discretion of the Adult Parole Authority, not the court. Although this may be true, it is not necessary for us to address this assigned error under App.R. 12(A)(1)(c). On remand, the court will have ample opportunity to properly inform
appellant of post-release control, if, indeed, it becomes part of any sentence imposed. See, e.g., State v. Barcomb, Cuyahoga App. No. 80196, 2002-Ohio-4435, at ¶ 11 ("[T]he parole board, not the court, decides whether post-release control will be imposed on [a] defendant."). Accord State v. Mercadante, Cuyahoga App. No. 81246, 2004-Ohio-3593, at ¶ 31.
 Conclusion {¶ 42} Because the trial court did not comply with statutory requirements for sentencing in this case, appellant's sentence is vacated, and the case remanded for resentencing. We note that the practical result of appellant having served his term of imprisonment is that only post-release control and potential parole violations may be affected by resentencing. In light of the possible impact of post-release control violations, remand for resentencing is, nonetheless, still required. On remand, the trial court should redetermine the appropriate sentence for the vandalism conviction in compliance with the sentencing statutes discussed herein. See State v. Cochran (June 1, 2001), 2nd Dist. No. 18424, 2001 Ohio App. Lexis 2456.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.
[1] There are exceptions in determining the applicability of the factors set forth in R.C. 2929.13(B)(1). None of these exceptions, however, is applicable under the facts of this case.