JOURNAL ENTRY AND OPINION
{¶ 1} On September 21, 2004, Alex Chandler, through counsel, filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Chandler, Cuyahoga App. No. 83629, 2004-Ohio-2988
(Chandler II). In that opinion, we affirmed Chandler's sentence to an increased term of incarceration following a remand for resentencing from this court. On October 1, 2004, the State of Ohio, through the Cuyahoga Prosecutor's Office, filed a memorandum in opposition to the application for reopening. For the following reasons, we decline to reopen Chandler's appeal:
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Chandler possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Chandler, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
 {¶ 4} Notwithstanding the above, Chandler fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes,
supra.
 {¶ 5} Thus, in order for the Court to grant the application for reopening, Chandler must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). "In State v. Reed, 74 Ohio St.3d 534,1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey,84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.
 {¶ 6} To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 7} In Chandler I, this court found that the lower court failed to state any reasons for imposing a prison term and remanded the matter for resentencing.[1] Upon remand, a different judge sentenced
 {¶ 8} Chandler to a longer prison term.[2] However, the record indicates that Chandler completed his original term of incarceration prior to the release of this court's opinion in Chandler I.
 {¶ 9} In Chandler II, Chandler argued that because he completed his term of incarceration, his case should have been rendered moot. However, in rejecting that argument, this court found that an appeal is not moot where a sentence is completed but the defendant is subject to post-release control.
 {¶ 10} In his application for reopening, Chandler asserts that the trial court improperly resentenced Mr. Chandler when it did not have jurisdiction to do so; and that counsel at the resentencing hearing was ineffective for failing to bring jurisdictional concerns to the attention of the trial court. In support of his argument, Chandler asserts that any court-ordered term of post-release control could only apply to the longer sentence. Therefore, since Chandler could not be subject to any post-release control regarding shorter sentence, because he was still in jail, the lower court possessed no jurisdiction to modify the sentence. However, Chandler failed to cite any authority which supports this argument. As a result, we find that Chandler failed to establish a reasonable probability that he would have been successful if these two issues were raised on direct appeal.
 {¶ 11} Accordingly, Chandler's application to reopen is denied.
Sweeney, P.J., concurs Kilbane, J., concurs
[1] Chandler was sentenced to twelve months incarceration on both counts which were ordered to run concurrently to each other and to run concurrently to a five year prison sentence he received in CR-413006.
[2] Chandler received sixteen months incarceration on the first count and ten months on the sixth count which were ordered to run concurrent to each other and to run concurrently to the five year prison sentence he received in CR-413006.