JOURNAL ENTRY and OPINION
{¶ 1} The court sentenced defendant David Cousin to two years of incarceration for two counts of attempted robbery, 18 months for receiving stolen property, and 12 months for possession of drugs. All of these terms were ordered to run concurrently. While his direct appeal was pending, the court granted Cousin's motion for judicial release and placed him on three years of community controlled sanctions. In State v. Cousin (Nov. 26, 2003), Cuyahoga App. No. 82147, issued one month after the court granted judicial release, we reversed Cousin's sentence on grounds that the court failed to set forth its reasons for giving the maximum sentence and that it failed to inform Cousin of postrelease control. On remand, the court sentenced Cousin to 24 months of a community controlled sanction with the proviso that a violation of the community controlled sanction would result in a three-year sentence. Cousin thereafter violated his community controlled sanction and the court ordered that he serve a three-year sentence. Cousin appeals, arguing that the court erred by imposing the maximum sentence and by imposing a harsher sentence upon remand from this court.
 I {¶ 2} We must first address the state's motion to dismiss the appeal. The state argues that Cousin's appeal raises issues relating to the sentence, but that he did not timely appeal these issues immediately after resentencing, but waited until the court revoked judicial release. Hence, the state argues that this appeal is untimely.
 {¶ 3} There is ample authority for the proposition that sentencing issues are not ripe for appeal if postrelease controls are immediately imposed and no term of incarceration has commenced. In that circumstance, the offender must wait until a community controlled sanction has been revoked and the original sentence ordered into execution before appealing. See, e.g.,State v. Ogle, Wood App. No. WD-01-040, 2002-Ohio-860 (collecting cases).
 {¶ 4} While Cousin did serve a brief period of incarceration before being granted judicial release, this court's remand for resentencing resulted in a complete resentencing which, in essence, vitiated the first sentencing. State v. Bolton (2001),143 Ohio App.3d 185, 188-189. When the court resentenced Cousin, it did so by placing him under a community controlled sanction without imposing a further prison term. Hence, if Cousin had any issues relating to his resentencing, those issues would not become ripe for review until such time as that sentence was ordered into execution — that is, until the community controlled sanction had been revoked. It follows that the sentencing issues have been timely raised in this appeal since Cousin appealed within 30 days of the court revoking his community controlled sanction and ordering his incarceration.
 II {¶ 5} Cousin first argues that the court erred when, upon resentencing, it imposed a three-year term of incarceration, one year more than the two-year term of incarceration imposed in the original sentencing. Cousin maintains the court did so without supporting information concerning identifiable conduct to justify the increased sentence.
 {¶ 6} In State v. Abboud, Cuyahoga App. No. 85750,2005-Ohio-5847, ¶ 39, we recently stated:
 {¶ 7} "A trial court violates the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence when motivated by vindictive retaliation. State v.Chandler, Cuyahoga App. No. 83629, 2004-Ohio-2988. A presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. Id. However, that presumption does not apply when the resentencing judge is different than the original sentencing judge. Chandler, supra; State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing State v. Gonzales,151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903; Lodi v. McMasters
(1986), 31 Ohio App.3d 275, 277, 511 N.E.2d 123.
 {¶ 8} A different judge resentenced Cousin; therefore, no presumption of vindictiveness exists. Nevertheless, Cousin is entitled to demonstrate from the record that the harsher sentence is the product of judicial vindictiveness. Id. at ¶ 41, citingState v. Johnson, Montgomery App. No. 18937, 2002-Ohio-4339.
 {¶ 9} Cousin fails to show from the record that the harsher sentence is the product of vindictiveness. In fact, he concedes that the extension of his punishment is "understandable," although he claims the court had an ulterior motive for doing so. We agree that the extension is understandable in light of Cousin having failed two drug tests and having submitted a third "diluted" sample. Cousin only served seven of the 380 hours of community service he was ordered to perform, and made only one payment of $100 as a credit against that service when he stopped attending. The court noted that it gave Cousin a "big break" when it granted judicial release and that Cousin "decided that drugs were more important than following the Court's order." It is important to note that, at the time of his first sentencing, Cousin himself said that he had a marijuana problem (he smoked every day) and he told the probation department that his use of marijuana contributed in part to some of his charges.
 {¶ 10} Vindictiveness and punishment are two different things. These facts do not show vindictiveness in the sense that the court sought revenge in a malicious way. Instead, it shows the court's desire to punish Cousin for his infractions while on discretionary judicial release.
 III {¶ 11} Finally, Cousin argues that the court erred by ordering him to serve more than the minimum prison term because the findings the court made violated his right to have a jury find all facts of the case under Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. We have held that a prison sentence which exceeds the minimum term of incarceration does not violate the offender's Sixth Amendment right to a jury trial as construed by Blakely. See State v. Atkins-Boozer,
Cuyahoga App. No. 84151, 2005-Ohio-2666, at ¶ 30.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., concur.