The STATE of Ohio, Appellee,

v.

FOSTER, Appellant.

[Cite as State v. Foster, 150 Ohio App.3d 669, 2002-Ohio-6783.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19197.

Decided Dec. 6, 2002.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Charles A. Smiley Jr., for appellant.

GRADY, Judge.

{¶ 1} The issue presented in this appeal is whether, when exercising its discretion to impose a term of imprisonment for a felony of the fourth degree, the trial court necessarily must state its reason or reasons for finding that one or more of the factors in R.C. 2929.13(B)(1)(a) through (i) apply in the offender's case, per our holding in *State v. Cochran* (June 1, 2001), Montgomery App. No. 18424, 2001 WL 585605. We now conclude that the court is not required to address those statutory factors in that event and that *Cochran* was incorrectly decided to the extent that it held to the contrary.

{¶ 2} Defendant, James Foster, was convicted of aggravated assault. His conviction arose out of an incident at Spanky's Doll House that occurred in the early morning hours of February 24, 2001. Defendant was there with several other white males, all of whom were members of the Dayton Outlaws motorcycle gang. The gang members and a group of four black males were all gathered in the dance floor area. One of the black males was Eric Coulter. When the motorcycle gang members directed comments with racial overtones toward the four black males, angry words were exchanged and an argument broke out.

{¶ 3} Both groups headed toward the front door, and as they did a fight erupted. Eric Colter picked up a chair and threw it at the motorcycle gang members, striking defendant in the face and head. In response, defendant beat Colter with a wooden club. Before the melee ended, two other members of the motorcycle gang shot Eric Colter. Colter subsequently died from his gunshot wounds. A part of this incident was recorded on videotape by the club's security cameras.

{¶ 4} Defendant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2). Pursuant to a negotiated plea agreement, defendant pleaded guilty to an information charging him with aggravated assault, R.C. 2903.12(A)(2). In exchange, the felonious assault charge was dismissed. The trial court sentenced defendant to 15 months imprisonment.

{¶ 5} Defendant has timely appealed to this court. He challenges only his sentence.

## First Assignment of Error

{¶ 6} "The sentence imposed upon appellant, as a first-time felon, for the substantive offense herein is contrary to law, because it included a term of imprisonment, rather than a local based sanction, without proper findings to support that sentence."

{¶ 7} A prison term is mandated by R.C. 2929.13(B)(2)(a) for a fourth-degree felony of this kind when the court makes three findings contemplated by that section: that a prison term is consistent with the purposes and principles of sentencing set out in R.C. 2929.11, that the offender is not amenable to a community-control sanction, and that one or more of the factors set out in R.C. 2929.11(B)(1) apply to the offender. In *Cochran* we held that imposition of a term of incarceration is nevertheless within the court's discretion even though it does not find that any of the R.C. 2929.11(B)(1) factors apply if the court makes the other two findings in R.C. 2929.13(B)(2)(a) that favor imprisonment.

{¶ 8} We made a further finding in *Cochran*, one that implicates R.C. 2929.19(B)(2)(a). That section provides that when the court imposes a term of imprisonment for a felony of the fourth or fifth degree that is subject to the sentencing provisions of R.C. 2929.13, the court must state its reasons for the finding concerning "any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender." We held that such a finding is required whenever a prison term is imposed, whether a prison term is mandatory or discretionary. Defendant relies on that holding to argue that the court could not impose a prison term in his case because it made no finding concerning the R.C. 2929.13(B)(1) factors.

{¶ 9} We now believe that this further holding of *Cochran* was incorrect, at least when the prison term imposed is not mandatory but discretionary. A discretionary prison term is permitted only when the court did not find that any of the R.C. 2929.13(B)(1) factors apply in the offender's case. It is therefore counterintuitive to then require the court to state its reasons for finding why any of those factors apply. A proper interpretation of R.C. 2929.19(B)(2)(a) is that the reasons it requires need be stated only when the court finds that one or more of the R.C. 2929.13(B)(1) factors apply. In that event, and when the court makes the additional findings in R.C. 2929.13(B)(2) that favor a term of imprisonment, the resulting sentence of incarceration is mandatory. When the court makes those additional findings that favor incarceration but the term of imprisonment the court imposed is discretionary because it finds that none of the R.C. 2929.13(B)(1)(a) through (i) factors applies, no reasons for the finding are required by R.C. 2929.19(B)(2).

{¶ 10} Here, as in *Cochran*, the court made no finding that any of the factors in R.C. 2929.13(B)(1) apply in defendant's case. The prison term the court imposed was necessarily discretionary. In relating its reasons, the court stated:

{¶ 11} "The court has reviewed the film and was well familiar with the whole circumstances surrounding the whole regrettable bit of business that occurred out there. People wound up dead, people wound up shot and a lot of people

wound up in jail for something that was a pretty silly situation before it was all over.

{¶ 12} "In considering the purposes and principles of the sentencing law and considering all the seriousness and recidivism factors and considering Mr. Foster's present circumstance, the Court in doing that finds that the shortest prison term would demean the seriousness of the Defendant's conduct and would not adequately protect the public from future crime by the Defendant or indeed, deal with other matters relating to messages that need to be sent; it is, therefore, in Case No. 2001CR607/4, State of Ohio v. James A. Foster, the Defendant be sentenced to the Ohio Rehabilitation and Corrections Center for a period of 15 months * * *."

{¶ 13} The reasons the court gave satisfy the obligations imposed on it by R.C. 2929.19(B)(2)(a) when a discretionary prison term is imposed: to state why imprisonment is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and why the defendant is not amenable to community control. The court was not required also to state its reasons for finding that an R.C. 2929.13(B)(1) factor applies, because it did not find that any apply. Defendant, relying on *Cochran*, argues that the court was required to make that finding. On the reasons set out above, we necessarily reject that argument.

{¶ 14} Our holding in *Cochran* is modified, consistent with this opinion. The first assignment of error is overruled.

### Second Assignment of Error

{¶ 15} "The sentence imposed upon appellant, as a first-time felon, for the substantive offense herein is contrary to law, because it is greater than minimum and should total only six months."

### Third Assignment of Error

{¶ 16} "The near-maximum sentence imposed upon appellant, as a first-time felon, for the offense of aggravated assault is contrary to law, because it is too harsh and not supported by the facts at bar."

{¶ 17} In these related assignments of error defendant complains that his sentence, being more than the statutory authorized minimum, is too harsh and not supported by the record.

{¶ 18} The permissible sentence for a felony of the fourth degree is 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months. R.C. 2929.14(A)(4). In order to impose more than the statutory minimum sentence upon an offender who has not previously served a prison term, the trial court must find either that the

shortest prison term will demean the seriousness of the offender's conduct or that the shortest prison term will not adequately protect the public from future crime by the offender. R.C. 2929.14(B). The trial court is not required to give reasons for those findings. *State v. Edmonson*, 86 Ohio St.3d 324, 715 N.E.2d 131.

{¶ 19} In imposing a 15–month sentence in this case the trial court found both that the shortest prison term would demean the seriousness of defendant's conduct and that it would not adequately protect the public from future crime by defendant. Defendant does not contend that the trial court failed to make the statutory findings necessary to impose more than the minimum sentence. Defendant argues, however, that the record does not support the court's findings and its near-maximum sentence. We disagree.

{¶ 20} In determining whether the sentence imposed is too harsh, and whether the record supports the trial court's findings and its sentence, we look at the seriousness factors, R.C. 2929.12(B) and (C), and the recidivism factors, R.C. 2929.12(D) and (E). *State v. Collins* (Dec. 22, 2000), Miami App. No. 2000CA40, 2000 WL 1867517.

{¶ 21} Defendant participated along with other defendants in an assault on the victim that culminated in the victim's death, though death did not result from the particular injuries the defendant inflicted. The record in this case, specifically the presentence investigation report, indicates two factors that make defendant's conduct more serious than conduct normally constituting the offense: the victim suffered serious physical harm as a result of the offense, R.C. 2929.12(B)(2), and in committing the offense defendant was motivated by racial prejudice, R.C. 2929.12(B)(8).

{¶ 22} There exist in this case two factors that make defendant's conduct less serious: the victim induced the offense, R.C. 2929.12(C)(1), and in committing the offense defendant acted under strong provocation, R.C. 2929.12(C)(2). However, even though there was strong provocation by the victim in throwing a chair that struck defendant in the face and injured him, and even though other assailants employed more force against the victim than defendant did, the degree of force used by defendant in retaliation against the victim, beating him with a wooden club, nevertheless was excessive.

{¶ 23} Looking to the recidivism factors, there are two in this case that support a finding that defendant is "likely to commit future crimes." The presentence report indicates that defendant was previously adjudicated delinquent and placed on probation for fighting. R.C. 2929.12(D)(2). And defendant showed no genuine remorse for this offense. R.C 2929.12(D)(5).

{¶ 24}   Two factors weigh in favor of a finding that defendant is "not likely to commit future crimes."   Defendant has no prior criminal record as an adult. R.C. 2929.12(E)(2).   And prior to committing this offense, defendant had led a law-abiding life for several years.   R.C. 2929.12(E)(3).

{¶ 25}   At the sentencing hearing defendant stated that he was sorry for what had happened and would change it if he could.   Whether such an 11th-hour expression of remorse was genuine was a credibility issue for the trial court to resolve.   *Collins.*

{¶ 26}   A trial court has wide discretion in fashioning a sentence that complies with the purposes and principles of felony sentencing set out in R.C. 2929.11.   In exercising that discretion the trial court may consider, in addition to the factors set out in R.C. 2929.12(B), (C), (D), and (E), any other relevant factor. R.C. 2929.12(A).   In that regard the presentence report indicates that in 1999 defendant's former wife had obtained a civil protection order because defendant had threatened to "smash her face in" with a hammer.   The record, including defendant's conduct in this case, clearly demonstrates his potential for violent, assaultive behavior.

{¶ 27}   We believe the record supports the findings the trial court made pursuant to R.C. 2929.14(B), and that the 15–month sentence that it imposed on defendant is reasonable.   We cannot "clearly and convincingly" find that the record does not support the court's findings or its sentence.

{¶ 28}   The second and third assignments of error are overruled.   The judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF, P.J., and FAIN, J., concur.