OPINION
Defendant, Andrew Voisard, appeals from his conviction andsentence for forgery.
 {¶ 1} On July 22, 2003, the Montgomery County grand juryindicted Defendant in Case No. 2003-CR-2092 on three counts offorgery in violation of R.C. 2913.31(A)(3). On August 21, 2003, asecond indictment was returned under the same case numbercharging Defendant with two additional counts of forgery per R.C.2913.31(A)(3). On October 1, 2003, Defendant entered pleas ofguilty to the first count of forgery in each indictment. Inexchange, the State dismissed the remaining charges. The trialcourt sentenced Defendant to concurrent prison terms of elevenmonths on each count.
 {¶ 2} Defendant has timely appealed to this court from hisconviction and sentence. He challenges only his sentence.
 ASSIGNMENT OF ERROR
 {¶ 3} "Appellant's sentence was contrary to the overridingpurposes of felony sentencing."
 {¶ 4} Defendant argues that his sentence to a term of imprisonment is contrary to law because it contravenes the purposes and principles of felony sentencing. This is so, Defendant claims, because prior to his arrest and incarceration he was working full time which would enable him to make restitution to the victim of his offense. A term of imprisonment, on the other hand, hampers his ability to make restitution and is contrary to the purposes and principles of felony sentencing.
 {¶ 5} When sentencing a felony offender, the trial court must be guided by the overriding purposes of felony sentencing which are (1) to protect the public from future crime by the offender and (2) to punish the offender. R.C. 2929.11(A). To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender from future crime, rehabilitating the offender, and making restitution to the victim of the offense. Id. Unless otherwise required by R.C.2929.13 or 2929.14, a court has broad discretion to determine the most effective way to comply with the purposes and principles of sentencing set out in R.C. 2929.11. See: R.C 2929.12(A). In exercising that discretion the court must consider the seriousness and recidivism factors in R.C. 2929.12. Id.
 {¶ 6} At the sentencing hearing the trial court stated that ithad considered the presentence investigation report and therequired statutory sentencing factors, and was incorporating thefindings in the presentence report into its sentencing decision.
 {¶ 7} Under certain circumstances a prison term is mandatoryfor a felony of the fourth or fifth degree. In that regard R.C.2929.13(B)(2)(a) provides:
 {¶ 8} "If the court makes a finding described in division(B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of thissection and if the court, after considering the factors set forthin section 2929.12 of the Revised Code, finds that a prison termis consistent with the purposes and principles of sentencing setforth in section 2929.11 of the Revised Code and finds that theoffender is not amenable to an available community controlsanction, the court shall impose a prison term upon theoffender."
 {¶ 9} The trial court found that a prison term was mandatoryin this case. In that regard this record demonstrates that at thetime Defendant committed this offense he was already undercommunity control sanctions in two previous cases, 2001-CR-3000and 2001-CR-3420, which the trial court administrativelyterminated at the time of sentencing in this case. Thus, thisrecord supports the finding in R.C. 2929.13(B)(1)(h), which is amatter of objective fact.
 {¶ 10} Moreover, after weighing the seriousness and recidivismfactors in R.C 2929.12, the court found that a prison term isconsistent with the purposes and principles of felony sentencingset out in R.C. 2929.11(A), and that Defendant is not amenable toany community control sanctions. The record in this case supportsthose findings. A review of the factors in R.C. 2929.12(B) whichmake an offense "more serious" reveals that two apply here: thevictim of the offense suffered serious economic harm, (B)(2), andDefendant's relationship with the victim facilitated the offense,(B)(6). In that regard we note that Defendant took advantage ofhis friendship with his girlfriend in order to gain access to hermother's home. Once inside, Defendant stole checks and used themto withdraw an estimated $8,500 from the mother's bank account.The only factor showing that Defendant's offense was "lessserious" is that he did not cause physical harm. R.C.2929.12(C)(3).
 {¶ 11} As for the factors in R.C. 2929.12(D) demonstratingthat recidivism is "likely," four apply here: at the time ofcommitting this offense Defendant was already under communitycontrol sanctions in two previous cases, (D)(1), Defendant has ahistory of convictions for theft offenses, (D)(2), Defendant hasnot responded favorably to sanctions previously imposed, (D)(3),and Defendant shows no genuine remorse for the offense, (D)(5).The only factor showing that recidivism is "not likely" is thatprior to committing this offense Defendant had not beenadjudicated a delinquent child.
 {¶ 12} The record in this case, which demonstrates theexistence of one of the factors in R.C. 2929.13(B)(1), and thatDefendant's conduct is a more serious form of the offense andrecidivism is likely, supports the trial court's findings that aprison term is consistent with the purposes and principles offelony sentencing, and that Defendant is not amenable to anycommunity control sanctions. Thus, the trial court made all ofthe necessary findings in R.C. 2929.13(B)(2)(a) which would makeimposition of a prison term mandatory. In imposing more than theminimum authorized sentence for this offense, the trial courtalso made the required finding that the shortest prison termwould not adequately protect the public from future crime byDefendant. R.C. 2929.14(B)(2).
 {¶ 13} However, R.C. 2929.19(B)(2)(a) requires that when thecourt imposes a term of imprisonment for a fourth or fifth degreefelony that is subject to the sentencing provisions in R.C.2929.13(B), which is the case here, the court must give itsreasons for imposing the prison term. Concerning the findings inR.C. 2929.13(B)(2)(a) that a court must make in order for aprison term to be mandatory for a fourth or fifth degree felony,the requirement that one of the factors listed in R.C.2929.13(B)(1)(a)-(i) apply to Defendant is satisfied becauseDefendant committed this offense while under a community controlsanction. R.C. 2929.13(B)(1)(h). That finding is of an objective,verifiable fact for which the court need not give any "reason"per R.C. 2929.19(B)(2).
 {¶ 14} The other two findings required by R.C.2929.13(B)(2)(a), that a prison term is consistent with the purposes and principles of felony sentencing set out in R.C2929.11, and that the offender is not amenable to any community control sanctions, are subjective judgments on the part of the trial court. If the court makes the former finding, it must give reasons supporting that finding. R.C. 2929.19(B)(2)(a). The court must state why imprisonment is consistent with the purposes and principles of felony sentencing. State v. Foster,150 Ohio App.3d 669, 2002-Ohio-6783. Moreover, the court must state its required findings and its reasons supporting those findings, when reasons are required by R.C 2929.19(B)(2), at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 15} The trial court in this case did not give any explicit reasons for the sentence it imposed or the findings that it made. The finding the court made at the sentencing hearing do not satisfy its duty to give reasons supporting those findings because they are separate and distinct duties. Comer, supra.
Moreover, the court's general statement made at the sentencing hearing, "There's a history, a pattern here, that I simply cannot overlook in making my determination regarding sentencing," is insufficient to meet its burden of giving reasons that support the specific findings that it made. Lastly, we note that the court's statement that it was incorporating the findings in the presentence report into its sentencing decision does not satisfy its obligation to give its own reasons for the findings that it makes, where reasons are required by R.C 2929.19(B)(2).
 {¶ 16} R.C. 2953.08(G)(1) requires an appellate court, when the sentencing court has failed to make statutorily required findings, to "remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." The section doesn't speak to a failure to state the reasons supporting the court's findings which are mandated by R.C. 2929.19(B). However, because a sentence lacking required findings and/or reasons is one that is "contrary to law," which is the effect of the holdings in Comer and State v.Edmonson (1999), 86 Ohio St.3d 324, R.C. 2953.08(G)(2)(b) requires us to "vacate the sentence and remand the matter to the sentencing court for resentencing."
{¶ 17} The assignment of error is sustained. The sentence ofthe trial court will be reversed and vacated, and this matterremanded for resentencing consistent with this opinion.
 Fain, P.J. and Brogan, J., concur.