OPINION
{¶ 1} Defendant, David N. Root, appeals from his conviction for felonious assault, which was entered upon a jury's verdict of guilty, and the seven-year term of incarceration which the trial court imposed on Root pursuant to law.
 {¶ 2} The Defendant and Diana Dresher lived together in Dayton. On the evening of September 1, 2003, an argument occurred while Dresher was drinking and packing boxes, in anticipation of the couple's move to Arkansas. Dresher threw a light bulb against the wall and a fight ensued. She subsequently left the apartment, took a walk in a nearby park, and eventually found her way to a friend's home. After several phone calls with the Defendant, Dresher returned home.
 {¶ 3} A second fight broke out upon Dresher's return. The Defendant struck Dresher several times and she eventually lost consciousness. She woke up some time later in her front yard, barefoot, bleeding, and incoherent, but made her way back to the home of her friend, who called the paramedics. Police arrived at the couple's apartment and found a blood-stained shirt and significant damage, including blood on the carpet and walls and broken flower pots on the exterior staircase. The Defendant was taken into custody.
 {¶ 4} The Defendant was indicted on one count of felonious assault on October 10, 2003. Defendant pled not guilty. He was convicted by a jury of felonious assault on January 13, 2004. The trial court sentenced him to a seven-year term of incarceration on January 30, 2004. Defendant filed a timely appeal.
 {¶ 5} Appellant's First Assignment of Error
 {¶ 6} "Appellant was deprived of due process and a fair trial through prosecutorial misconduct."
 {¶ 7} The test for prosecutorial misconduct is whether the prosecutor's acts were improper in their nature and character and, if they were, whether the substantial rights of the defendant to a fair trial were prejudiced as a result. State v. Smith (1984), 14 Ohio St.3d 13. It is not enough to argue that prejudice resulted from the prosecutor's actions; the prosecutor's conduct itself must be improper. State v.McGonegal (Nov. 2, 2001), Montgomery App. No. 18639.
 {¶ 8} Defendant identifies three instances of alleged prosecutorial misconduct. First, he argues that the State shifted its burden of proof when the prosecuting attorney stated in her closing argument that defense counsel had the "same subpoena power" as the State to call witnesses and that the Defendant was the "only . . . person in this courtroom who picks the witnesses." The trial court sustained defense counsel's objections to both statements. However, defense counsel failed to ask for any form of curative instructions. The prosecutor's statement that a defendant has the same subpoena power as the state is certainly correct. Her further statement that the Defendant "picks the witnesses" may have meant that he did so through his criminal conduct. If so, that subtlety may have eluded or perplexed the jury, and, if so, avoided the prejudice Defendant argues he suffered as a result. But, Defendant's objection was sustained, and any residual prejudice was waived when Defendant failed to request a curative instruction that might avoid it. State v. Davie (1997),80 Ohio St.3d 311.
 {¶ 9} Second, Defendant argues that the prosecuting attorney mischaracterized the evidence when she stated in her closing argument that Dr. Rymer, the State's medical expert, had testified that "one blow can kill you." Dr. Rymer's statement amounted to a general medical description of the effects of severe blows to the head and body. The prosecuting attorney could have been referring to Dr. Rymer's hypotheses that an unlucky hit will shear nerve fibers at the base of the brain, resulting in death (Tr. at 234, Vol. II). Or, as Defendant asserts, she could have been referring to Dr. Rymer's testimony about a case where a university student was killed with one blow.
 {¶ 10} Regardless, counsel for both sides are granted wide latitude in making closing arguments. See e.g. State v. Phillips (1995),74 Ohio St.3d 72, 1995-Ohio-171. The prosecutor's attorney may draw reasonable inferences from the evidence presented, and may comment on those inferences in closing argument. State v. Treesh (2001),90 Ohio St.3d 460. No more than that occurred here.
 {¶ 11} Finally, Defendant argues that the prosecuting attorney assumed facts not in evidence when, without objection, she asked Dr. Rymer if a concussion could cause permanent long-term damage. Failure to object to this question waives all but plain error. See e.g. State v. Skatzes
(2004), 104 Ohio St.3d 195, 2004-Ohio-6391. Plain error only exists where defendant can show that the verdict would have been otherwise but for the error. See Id.
 {¶ 12} Dr. Rymer testified that Dresher "probably" suffered a concussion. (T. 232). A probability is sufficient for an expert opinion from which the jury may make a finding of fact. Stinson v. England
(1994), 69 Ohio St. 3d, 451, 1994-Ohio-35. To prove the charge of felonious assault, the State had the burden to show that Defendant caused serious physical harm to Dresher. R.C. 2903.11(A)(1). Serious physical harm includes "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity." R.C. 2901.01(5)(c). The prosecutor's question, as it was posed, elicited evidence relevant to those matters, and therefore was wholly proper.
 {¶ 13} The first assignment of error is overruled.
 {¶ 14} Appellant's Second Assignment of Error
 {¶ 15} "Appellant was denied his constitutionally guaranteed right to effective assistance of counsel."
 {¶ 16} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984), 466 U.S. 168. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that, were it not for counsel's errors, the result of the trial would have been different. Id;State v. Bradley (1989), 42 Ohio St.3d 136. Failure to object to evidence that is arguably admissible and makes little difference at trial is not enough to sustain a claim of ineffective assistance of counsel. State v.Hartman (2001), 93 Ohio St.3d 274, 296, 2001-Ohio-1580; State v. Goodwin
(1999), 84 Ohio St.3d 331, 338, 1999-Ohio-356.
 {¶ 17} Defendant argues that he was prejudiced by his defense counsel's failure to object to three articles of evidence. First, defense counsel failed to object to photographs of the victim's injury to her arm and one photograph of an injury to her back that were cumulative. Photographs of a victim's injuries are relevant and almost always admissible in an assault case. Given the extensive testimonial and photographic evidence surrounding the alleged and resulting injuries in this case, additional pictures of injuries to the victim's arm and her back would make little difference to a jury trying to decide whether the Defendant committed the assault alleged.
 {¶ 18} Second, Defendant contends that defense counsel failed to promptly object to Dr. Rymer's use of notes while testifying concerning Dresher's injuries. Defendant's counsel did object to Dr. Rymer's use of his notes. The court sustained the objection, directed Dr. Rymer to set the notes aside, and required the prosecuting attorney to properly refresh the witness's recollection from records contained in a State's exhibit. (Tr. at 221-224, Vol. II).
 {¶ 19} Dr. Rymer's testimony at the point of objection consisted only of preliminary identification of the victim as the patient he had treated. The identity of the victim was never in question. While Dr. Rymer had read from the medical records, it was for the jury to decide, after listening to all of his testimony, whether his recognition of the victim and her injuries was credible. State v. Williams (November 19, 2004), Miami App. No. 2004-CA-6, 2004-Ohio-6218.
 {¶ 20} Third, Dr. Rymer testified to the extent of the victim's injuries based primarily on his reading of the medical records. Defendant argues that his counsel failed to object to this testimony as speculative. However, Defendant fails to show how, given the extensive photographic and testimonial evidence provided by the State, the verdict would have been otherwise had his attorney objected to the question.
 {¶ 21} Appellant's second assignment of error is overruled.
 {¶ 22} Appellant's Third Assignment of Error
 {¶ 23} "Appellant's conviction is against the sufficiency and/or weight of the evidence."
 {¶ 24} Defendant argues that the evidence supporting his conviction is insufficient and goes against the manifest weight of the evidence. Legal sufficiency is a test of adequacy. Evidence is legally sufficient if, when viewed in a light favorable to the prosecution, a reasonable trier of fact could have found the essential elements beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56.
 {¶ 25} Weight of the evidence goes to the amount of evidence to support a verdict. We will not reverse a jury verdict as against the weight of the evidence unless, after reviewing the entire record and weighing the evidence, making all reasonable inferences, and considering the credibility of witnesses, we find that the jury clearly lost its way, thus creating a manifest miscarriage of justice requiring a reversal. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 26} The State offered the testimony of the victim, two police officers who responded to Defendant's apartment, and the treating physician covering the extent of the victim's injuries, the condition of the apartment after the fight, and the Defendant's subsequent behavior. This testimony is corroborated by testimony from the victim's friend and photographs. This evidence is legally sufficient to prove the elements of felonious assault, and the weight of that evidence supports the conviction. Defendant's contention that Dresher may have injured herself when, as a result of her intoxicated state she fell to the ground, is wholly speculative.
 {¶ 27} Appellant's third assignment of error is overruled.
 {¶ 28} Appellant's Fourth Assignment of Error
 {¶ 29} "The court erred in imposing an excessive sentence that was contrary to law."
 {¶ 30} Defendant argues that the seven year sentence the court imposed is excessive because the victim's drinking may have resulted in some of her own injuries, and because he planned to move to Arkansas to avoid further contact with her. The jury rejected Defendant's argument that the victim's intoxication may have caused some of her injuries, and we decline to re-consider it de novo. Furthermore, a defendant's plans to relocate are immaterial.
 {¶ 31} A trial court has wide discretion in fashioning a sentence which complies with the purposes and principles of felony sentencing in R.C. 2929.11. State v. Foster (2002), 150 Ohio App.3d 669, 675,2002-Ohio-6783. Terms of incarceration for second degree felonies range from two to eight years. Defendant's seven-year sentence falls within that range, and he fails to show how the court abused its discretion when it arrived at that term.
 {¶ 32} Appellant's fourth assignment of error is overruled.
 {¶ 33} Appellant's Fifth Assignment of Error
 {¶ 34} "The trial court erred in permitting jurors to take notes in conjunction with a faulty jury instruction."
 {¶ 35} Defendant argues that he was prejudiced when the trial court allowed the jurors to take notes during the proceedings. A trial court has the discretion to permit or prohibit jurors from taking notes, and Defendant fails to show how the court abused its discretion. State v.Waddell (1996), 75 Ohio St.3d 163, 170, 1996-Ohio-100.
 {¶ 36} Appellant's fifth assignment of error is overruled.
 {¶ 37} Appellant's Sixth Assignment of Error
 {¶ 38} "The cumulative effect of the errors occurring at trial deprived appellant of a fair trial."
 {¶ 39} As we find no error in the appellant's previous assignment of error, there is none to accumulate to deny him a fair trial.
 {¶ 40} Appellant's sixth assignment of error is overruled. The judgment of trial court will be affirmed.
Brogan, P.J. and Young, J., concur.