OPINION
{¶ 1} Defendant, Melvin Arrington, appeals from his conviction and sentence for aggravated robbery, felonious assault, and having weapons while under a disability.
 {¶ 2} Defendant entered pleas of no contest pursuant to a negotiated plea agreement to one count of aggravated robbery (use of a deadly weapon), R.C. 2911.01(A)(1), one count of felonious assault (causing serious physical harm), R.C. 2903.11(A)(1), and one count of having weapons while under a disability, R.C. 2923.13(A)(2). In exchange, the State dismissed all other pending charges and the firearm specifications attached to the aggravated robbery and felonious assault charges. The trial court found Defendant guilty and sentenced Defendant to concurrent prison terms of eight years for aggravated robbery, six years for felonious assault, and seven months for having weapons while under a disability.
 {¶ 3} Defendant has timely appealed to this court, challenging only his sentence.
 {¶ 4} "The trial court erred when it sentenced appellant to an excessive term using an unsubstantiated factor."
 {¶ 5} Defendant argues that the record does not support the trial court's findings and its sentence. Specifically, Defendant claims that the record does not support the court's finding that the victim suffered permanent injury, a factor to which the trial court gave "great weight" in sentencing Defendant.
 {¶ 6} A trial court has broad discretion in fashioning a sentence that complies with the purposes and principles of felony sentencing set out in R.C. 2929.11. State v. Foster, 150 Ohio App.3d 669, 2002-Ohio-6783. In exercising that discretion the trial court must consider the seriousness and recidivism factors in R.C 2929.12(B), (C), (D) and (E), and in addition, may consider any other relevant factor. R.C. 2929.12(A).
 {¶ 7} Our standard for reviewing a trial court's sentencing decision is not whether the trial court abused its discretion. Instead, we may increase, reduce or otherwise modify the sentence, or remand the matter for resentencing, only if we clearly and convincingly find that the record does not support the sentencing court's findings under the relevant statute or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2)(a) and (b).
 {¶ 8} At the sentencing hearing the trial court noted that it had reviewed the presentence investigation report, the sentencing memoranda filed by both parties, and letters from the victim and his family. The victim spoke and explained how during this robbery Defendant had shot him twice in the right leg. As a result, the victim has a metal bar in his right leg running from his knee to his hip, with pins in his knee and hip holding the bar in place. The victim underwent two surgeries and walked on crutches for extended periods after each surgery. In response to the court's question about his current well-being, the victim stated "I'm doing a lot better than I was. It hurts when it rains, it gets cold. I have a little bit of a limp, but its not as bad as it used to be since I got the bullet taken out."
 {¶ 9} The victim's mother and father also spoke at sentencing. They indicated that the victim's medical bills now exceed $41,000.00. They also addressed the long term effects this shooting has had, indicating that the victim was unable to work for nearly one year, he faces long periods of rehabilitation, and there are a lot of things, including joining the military, that the victim cannot do.
 {¶ 10} The trial court then reviewed the seriousness and recidivism factors in R.C 2929.12. With respect to factors in R.C. 2929.12(B) indicating that Defendant's conduct is more serious than conduct typically constituting the offense, the trial court found that two apply. First, the court found that the victim had suffered serious economic harm as a result of medical bills that are nearly $42,000.00. The court assigned some weight to this factor. Second, the court determined that the victim had suffered permanent injury and will have a permanent physical limitation of some sort for his lifetime. The court assigned great weight to this factor. With respect to factors in R.C2929.12(C) indicating that Defendant's conduct is less serious than conduct normally constituting the offense, the trial court found no factors that apply.
 {¶ 11} With respect to factors in R.C 2929.12(D) indicating that Defendant is likely to commit future crimes, the trial court found three that apply. First, the court found that Defendant has a history of criminal convictions, this being his third felony conviction. Second, the court found that Defendant has previously served a prison term. The court gave great weight to these two factors. Third, the court found that Defendant has not responded favorably to sanctions previously imposed. The court gave little weight to this factor. With respect to factors in R.C 2929.12(E) indicating that Defendant is not likely to commit future crimes, the trial court found none that apply.
 {¶ 12} After weighing the seriousness and recidivism factors, the trial court sentenced Defendant to concurrent, not consecutive, prison terms of eight years for aggravated robbery, six years for felonious assault, and seven months for having weapons while under a disability. These sentences are well within the permissible ranges for felonies of the first, second and fifth degree respectively, R.C. 2929.14(A), and do not constitute maximum sentences.
 {¶ 13} Defendant argues that this record does not support the court's findings and its sentence: specifically, the finding that the victim suffered permanent injury. We disagree.
 {¶ 14} Without question the permanence of the victim's injury is a factor that is relevant to the seriousness of the offense. The trial court may properly consider that factor in fashioning a sentence that complies with the purposes and principles of felony sentencing, which are to protect the public from future crime by the offender and punish the offender. R.C. 2929.11, 2929.12(A). This record demonstrates that as a result of this shooting, the victim has a metal rod in his right leg from his knee to his hip, held in place by metal pins or screws. Some eight months after the shooting, the victim still limps when he walks and he experiences pain in his injured leg. This injury will prevent the victim from ever serving in the military. It is obvious from the evidence that while the victim's condition has improved over time with treatment, he still has some permanent physical limitations as a result of this shooting.
 {¶ 15} Irrespective of whether the victim's injury is permanent or not, it is beyond question that Defendant caused "serious physical harm" to the victim as that term is defined in R.C. 2901.01(A)(5). Moreover, each and every one of the applicable statutory sentencing factors considered by the trial court, apart from the permanent injury factor, demonstrates that Defendant's conduct was more serious than conduct typically constituting the offense, and that Defendant is likely to commit future crimes. Under those facts and circumstances we cannot clearly and convincingly find that the record does not support the court's findings and sentence, or that the sentence is otherwise contrary to law.
 {¶ 16} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.