JOURNAL ENTRY AND OPINION
{¶ 1} A jury awarded appellees, Patricia and David Meeks (collectively referred to as "appellees"), $220,000 for injuries Patricia Meeks ("Meeks") sustained as a result of an auto accident with appellant, Peter Kramer ("Kramer"). At trial, Kramer argued that Meeks' injuries were actually the result of a work incident that occurred well after the auto accident.
 {¶ 2} The pertinent evidence at trial included Meeks' treating physician, who testified that her injuries were directly caused by the auto accident, and testimony from her insurance company, State Farm, that it paid the limits of Meeks' uninsured motorist coverage to her as a result of the medical documentation in support of her alleged injuries. Included in the medical documentation provided to State Farm was a report by Kramer's independent medical examiner, Dr. Ghanma, who, at the expense of Kramer, conducted a separate examination of Meeks. The results of the report were never revealed because Dr. Ghanma did not testify at trial, although he was subpoenaed by Meeks and appeared to testify.
 {¶ 3} During closing argument, Meeks informed the jury that although Dr. Ghanma was subpoenaed to testify, it could make inferences as to why he was not called as a witness at trial. Meeks' attorney told the jurors that he spoke with Dr. Ghanma in the hallway and questioned him. The attorney was about to inform the jurors as to what Dr. Ghanma told him, but Kramer objected, and the trial court sustained the objection. In lieu of telling the jury what Dr. Ghanma said to him, Meeks' attorney stated that the jurors would not have "wanted to hear" Dr. Ghanma's testimony because it "wasn't honest." At that point, Kramer stated that such argument was "absolutely improper" and the trial court held a sidebar. Following the sidebar, Meeks' attorney was instructed to stop referring to Dr. Ghanma and to move on in his closing argument. After closing arguments and deliberations, the jury rendered its verdict and found in favor of Meeks.
 {¶ 4} Kramer now appeals, arguing that Meeks' reference to Dr. Ghanma during closing argument was grossly prejudicial and that the trial court abused its discretion in failing to correct the prejudicial effect of the reference. In particular, Kramer contends that without the reference to Dr. Ghanma, the jury most likely would have found against Meeks and in favor of him. However, upon review of the evidence presented at trial, Kramer's contention lacks merit.
 {¶ 5} While this court agrees that Meeks statement to the jury that Dr. Ghanma's testimony "wasn't honest" was not based on any evidence presented at trial and, thus, improper, the trial court did not abuse its discretion in failing to correct the statement where Kramer did not request a curative instruction to the jury. In Fensel v. Regional Transit Auth. (Oct. 11, 1979), Cuyahoga App. No. 39395, this court held that in order to succeed in a claim that counsel's statements were prejudicial to the outcome of a case, the appellant must demonstrate that:
 {¶ 6} "[The] statements were indeed objectionable, that appellant entered a timely objection below and requested a curative jury instruction at a time when any damage done could be rectified, and that [he] was prejudiced by the improper remarks."
 {¶ 7} Here, Kramer timely objected, the objection was sustained by the trial court, and a sidebar commenced. Kramer, however, failed to request a curative instruction to the jury to rectify any damage. Indeed, Kramer's failure to request a curative instruction to avoid "any residual prejudice" from his sustained objection waived the argument for the purposes of appeal. See State v. Root, Montgomery App. No. 20366,2005-Ohio-448, ¶ 8, citing State v. Davie (1997),80 Ohio St.3d 311, 322, 1997-Ohio-341, 686 N.E.2d 245. In light of the waiver and the evidence presented at trial, it cannot be said that the trial court abused its discretion so as to have any affect on the jury's verdict. Thus, the jury's verdict is hereby affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Kenneth A. Rocco, J., concur.