OPINION
{¶ 1} Appellant, James Williams, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding him delinquent and committing him to the legal custody of the Department of Youth Services ("DYS"). Because the trial court's sentence was in error, we reverse that judgment and remand this matter for the trial court to impose sentence in accordance with this opinion.
 {¶ 2} On May 17, 2004, appellant, then age 15, was found delinquent by the trial court, having committed the offense of attempted aggravated robbery in violation of R.C. 2923.02 and 2911.01(A)(1), a felony of the second degree if committed by an adult. The trial court committed appellant to the legal custody of the DYS for an indefinite term consisting of a minimum period of two years and a maximum period not to exceed his 21st birthday.
 {¶ 3} Appellant appeals, assigning the following errors:
1. The trial court exceeded its statutory authority and violated james williams' right to due process when it committed james to the department of youth services for a minimum period of two years for the offense of attempted aggravated robbery.
2. James williams was denied the effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the united states constitution and section 16, article 1 of the ohio constitution.
 {¶ 4} Appellant contends in his first assignment of error that the trial court erred when it committed him to the legal custody of the DYS for a minimum period of two years. The state concedes that the trial court's minimum sentence was in error, and we agree. Pursuant to R.C.2152.16(A)(1)(d), a trial court may commit a delinquent child to the legal custody of the DYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's 21st birthday if the child committed an act not described in R.C.2152.16(A)(1)(b) or (c) and the act would be a felony of the first or second degree if committed by an adult. Appellant committed the offense of attempted aggravated robbery, an act not described in R.C.2152.16(A)(1)(b) or (c). This offense would be a felony of the second degree if committed by an adult. Accordingly, the minimum period for appellant's commitment to the DYS should have been one year, not two. Therefore, appellant's first assignment of error is sustained.
 {¶ 5} Having sustained appellant's first assignment of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed, and this matter is remanded to the trial court with instructions to enter judgment committing appellant to the legal custody of the DYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed appellant's 21st birthday. Given our disposition of appellant's first assignment of error, his second assignment of error is rendered moot. App.R. 12(A).
Judgment reversed and cause remanded with instructions.
Brown, P.J., and Sadler, J., concur.