OPINION
{¶ 1} T.J. appeals from her commitment to the Ohio Department of Youth Services (ODYS) from a judgment of the Clark County Juvenile Court.
 {¶ 2} On April 11, 2005, fifteen-year old T.J. was charged with an act of delinquency, to wit, the felonious assault of Dedra Henry. On October 19, 2005, T.J. admitted the act of delinquency and was committed to ODYS for a minimum term of forty eight months, subject to jail time credit for time held in the detention center.
 {¶ 3} T.J. has raised three assignments of error. The first is as follows:
 {¶ 4} "The trial court exceeded its statutory authority when it committed T.J. to the Ohio Department of Youth Services for a minimum period of four years for the offense of felonious assault in violation of R.C. 2152.16 and T.J.'s right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. (T.p. 18); (A-8)."
 {¶ 5} T.J. argues that since she was adjudicated delinquent for a second degree felony, the juvenile court was restricted to committing her to ODYS for a minimum period of one year and a maximum not to exceed her reaching twenty-one years of age pursuant to R.C. 2152.16(A)(1)(d). The State argues that this statutory provision leaves a measure of discretion to the trial court.
 {¶ 6} Revised Code 2152.16 provides in pertinent part:
 {¶ 7} "(A)(1) If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:
 * * * {¶ 8} "(d) If the child is adjudicated a delinquent child for committing an act that is not described in division (A)(1)(b) or (c) of this section and that would be a felony of the first or second degree if committed by an adult, for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 9} It is conceded that T.J. was found delinquent for committing an act that is not described in (A)(1)(b) or (c) of R.C. 2152.16 but instead was found delinquent for a second degree felony if committed by an adult.
 {¶ 10} The Tenth District Court of Appeals addressed this same issue in the case of In the Matter of James Williams,
Franklin App. No. 04AP-624, 2005-Ohio-584. In Williams, the juvenile court sentenced the juvenile to the ODYS for a minimum of two years, maximum of his twenty-first birthday, for attempted aggravated robbery, a felony of the second degree if committed by an adult. The court held, R.C. 2152.16(A)(1)(d) states a juvenile court may commit a delinquent child to the legal custody of ODYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's twenty-first birthday if the child committed an act not described in R.C.2152.16(A)(1)(b) or (c) and the act would be a felony of the first or second degree if committed by an adult. Id. at ¶ 4. Because the juvenile committed a felony of the second degree, an act not described in R.C. 2152.16(A)(1)(b) or (c), the court held that the minimum period for the juvenile's commitment to ODYS should have been one year, not two.
 {¶ 11} We find the appellant's first assignment of error well taken. Any attempt by the court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity. In Re: R.W.J., 155 Ohio App.3d 52,2003-Ohio-5407.
 {¶ 12} Appellant's second assignment of error is as follows:
 ASSIGNMENT OF ERROR II {¶ 13} "The juvenile court erred when it failed to credit the days T.J. was held in the Logan County Juvenile Detention Center toward the balance of her commitment to the Ohio Department of Youth Services in violation of R.C. 2152.18(B). (A-8)."
 {¶ 14} On April 7, 2005, T.J. appeared in juvenile court for the charges with which she is now incarcerated. At the conclusion of that hearing, T.J. was ordered to be held in detention. On June 7, 2005, the juvenile court ordered that T.J. be released from detention on June 8, 2005, and be placed on electronic monitoring. On August 9, 2005, the probation staff was ordered to bring T.J. to court and place her in detention for a violation of her electronic monitoring and engaging in public drinking of alcohol. On October 24, 2005, T.J. was adjudicated delinquent of felonious assault and committed to the ODYS.
 {¶ 15} T.J. was held in the Logan County Juvenile Detention Center on two separate occasions in connection with the offense for which she is now incarcerated. T.J. was held in detention from April 7, 2005 through June 8, 2005, and from August 9, 2005 through October 28, 2005, for a total of 142 days. (4/7/05 T.p. 7-10); (A-4, 5, 8). According to the Department of Youth Services, T.J. has only been credited with 63 of the 142 days of detention credit she is entitled to receive.
 {¶ 16} Revised Code Section 2152.18(B) requires the committing court to include in it commitment entry the "totalnumber of days that the child has been held in detention inconnection with the delinquent child complaint upon which the order of commitment is based." (emphasis added). The statute then requires the Department of Youth Services to deduct those days from the total number of days the juvenile is to be institutionalized. A youth is entitled to credit for time served in detention in connection with the delinquent child complaint for which she is incarcerated in the Department of Youth Services. This includes credit for time spent pending adjudication and disposition for the original complaint. In reThomas, 100 Ohio St.3d 89, 2003-Ohio-5162, at ¶ 13.
 {¶ 17} The State argues that this assignment should be overruled because appellant was in detention from August 9, 2005 until her commitment to ODYS on October 24, 2005 because she was charged with underage drinking and violating the terms of her probation. We agree that the record does reflect the appellant's detention from August 9, 2005 to October 24, 2005 was in connection with the complaint for which appellant was committed to ODYS in October 2005. Appellant should have been credited with one hundred forty-two (142) days of pre-adjudication detention. The second assignment of error is Sustained.
 {¶ 18} In her third assignment, T.J. contends her trial counsel was constitutionally ineffective for not objecting to the improper sentence imposed by the trial court. This assignment is rendered moot in light of our disposition of the first two assignments of error.
 {¶ 19} The Judgment of the trial court is Reversed and Remanded for re-sentencing pursuant to this opinion.
Wolff, J., and Valen, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).