**In re T.J.**

[Cite as *In re T.J.*, 172 Ohio App.3d 7, 2007-Ohio-2424.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 06–CA–137.

Decided May 18, 2007.

8

Stephen A. Schumaker, Clark County Prosecuting Attorney, William H. Lamb, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker and Molly J. Bruns, for appellant.

GRADY, Judge.

{¶ 1} This cause is before us for a second time. In April 2005, 15–year–old T.J. was charged in juvenile court with involuntary manslaughter in violation of R.C. 2903.04(B), a felony of the third degree if committed by an adult, and felonious assault in violation of R.C. 2903.11, a felony of the second degree if committed by an adult. Following a plea agreement, the trial court sentenced T.J. to the Ohio Department of Youth Services ("ODYS") for a minimum of four years and a maximum period not to extend beyond her 21st birthday. T.J. appealed.

{¶ 2} On August 25, 2006, we reversed the judgment of the trial court and remanded the cause for resentencing, finding that the trial court had been precluded from imposing a minimum sentence of more than one year. On remand, the trial court held a hearing and sentenced T.J. to ODYS to a minimum of one year and a maximum period not to extend beyond her 21st birthday. The trial court also recommended that ODYS retain custody of T.J. for a minimum of four years. T.J. filed a timely notice of appeal.

ASSIGNMENT OF ERROR

{¶ 3} "The trial court abused its discretion and exceeded its authority when it held that 'it is the request, expectation and recommendation that [defendant] be detained for a minimum term of four years,' in its judgment entry committing [defendant] to the Ohio Department of Youth thereby violating [defendant]'s right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution."

{¶ 4} In our August 25, 2006 opinion, we held:

{¶ 5} "It is conceded that T.J. was found delinquent for committing an act that is not described in (A)(1)(b) or (c) of R.C. 2152.16 but instead was found delinquent for a second degree felony if committed by an adult.

{¶ 6} "The Tenth District Court of Appeals addressed this same issue in the case of *In the Matter of James Williams*, Franklin App. No. 04AP–624, 2005-Ohio-584 [2005 WL 352674]. * * * The court held, R.C. 2152.16(A)(1) states a juvenile court may commit a delinquent child to the legal custody of ODYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's twenty-first birthday if the child committed an act not described in R.C. 2152.16(A)(1)(b) or (c) and the act would be a felony of the

first or second degree if committed by an adult. Id. at ¶ 4. Because the juvenile committed a felony of the second degree, an act not described in R.C. 2152.16(A)(1)(b) or (c), the court held that the minimum period for the juvenile's commitment to ODYS should have been one year, not two.

{¶ 7} "We find the appellant's first assignment of error well taken. Any attempt by the court to disregard statutory requirements when imposing a sentence renders the attempted *sentence a nullity.*" *In re T.J.*, Clark App. No. 2005–CA–123, 2006-Ohio-4406, 2006 WL 2459103, ¶ 9–11.

{¶ 8} On remand, the trial court made the following findings and orders:

{¶ 9} "THE COURT FINDS the reasoning and directive of the Court of Appeals of Clark County, Ohio, is difficult to understand and even more difficult to implement. The Court finds that it is both fair and reasonable to interpret the dispositional statutes of Ohio to allow the Court to make the disposition that was previously ordered and vacated. A four-year commitment is less than the maximum proved by statute. Nevertheless, the Court of Appeals has ruled otherwise.

{¶ 10} "THE COURT FINDS that the act of the youth in committing the delinquent act of felonious assault was egregious, wanton and without consideration of the well-being of her victim. The evidence before the Court is clear that the youth exhibited no interest, concern or compassion for the victim. She was well aware of her actions and made repeated efforts to inflict serious bodily harm upon the victim. The actions of the youth directly led to the death of the victim.

{¶ 11} "THE COURT FURTHER FINDS that it was a specific term of the negotiated plea that the youth would be committed to the Ohio Department of Youth Services for a minimum term of four years. It was the expectation of this Court, the State and the youth that the youth's commitment would last for a minimum of four years.

{¶ 12} "THE COURT SPECIFICALLY FINDS that a four year commitment to the Department of Youth Services would be fair, just and in the best interest of the youth in this proceeding. Anything short of a four-year commitment to the Department of Youth Services would be both less than bargained for and less than consistent with the letter and purpose of the Rules of Juvenile Procedure.

{¶ 13} "THE COURT FURTHER FINDS it would be appropriate that the Ohio Department of Youth Services continue to confine the youth at the Ohio Department of Youth Services for four years in spite of the directive from the Court of Appeals that the minimum commitment shall be for only one year. It is the request and expectation of the Court that the youth will remain at the Ohio Department of Youth Services for a minimum term of four years. Such a length of stay is justified in this proceeding.

10

{¶ 14} " * * *

{¶ 15} "THE COURT FURTHER FINDS that the Court of Appeals has determined that the youth's minimum commitment shall be for one year in spite of a reasonable reading of the Statute and the voluntary, knowing agreement of the youth. Accordingly, this Court has been ordered to make the following orders:

{¶ 16} "IT IS ORDERED that the youth is committed to the Ohio Department of Youth Services for a minimum term of one year and a maximum period not to exceed the child's attainment of 21 years of age.

{¶ 17} " * * *

{¶ 18} "IT IS FURTHER ORDERED that in keeping with the findings of this Court that the Court shall, through its probation department and other officers, present to the Ohio Department of Youth Services and any of its officers, agents or boards, including the parole release review panels, the findings of this Court in this matter. Specifically, officers and employees of this Court shall be directed to advise the Ohio Department of Youth Services that it is the request, expectation and recommendation that the youth be detained for a minimum term of four years and that that information necessary to effectuate this request be conveyed to the Ohio Department of Youth Services upon the receipt of any notice of hearing or review at which time the release of the youth from confinement is in question."

{¶ 19} As T.J. concedes, the trial court's order on remand that T.J. be committed to ODYS for a minimum period of one year is consistent with our August 25, 2006 remand. But T.J. argues that the trial court's finding and recommendation that T.J. be confined for a term of four years is contrary to R.C. 2152.16 and our mandate, and requires reversal of the trial court's order. We do not agree.

{¶ 20} Pursuant to R.C. 2152.16(A)(1), if in a case of this kind the juvenile court commits a delinquent child to the custody of ODYS for an indefinite term, the statutorily prescribed minimum term of confinement is one year. Had the General Assembly intended to allow the court to impose a different and longer minimum term, presumably it would have added enabling terminology such as "not less than one year," implying an authority to impose a longer minimum sentence. But the legislature did not, and in consequence, the one-year minimum in R.C. 2152.16(A)(1) is definite and not subject to deviation in the discretion of the juvenile court. A reading of the further provisions governing the child's confinement illustrates why the General Assembly employed the language that it did.

{¶ 21} During the one-year minimum period, the juvenile court retains control over the disposition of the child and has the authority to release the child from confinement. R.C. 2152.16(A)(2) and 2152.22. ODYS cannot release the child or move the child to a nonsecure environment during this minimum period without the court's permission. R.C. 2152.16(A)(2). Once the minimum period expires, ODYS has authority to release the offender. R.C. 2152.16(B) and 5139.05(B).

{¶ 22} A trial court may not vary the mandate of an appellate court, but is bound by that mandate on questions of law that the appellate court has decided. *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 323, 649 N.E.2d 1229. Therefore, the juvenile court's recommendation is a nullity and is not binding on ODYS. The authority of ODYS is provided by statute and includes the discretion to release T.J. after the minimum one-year period expires. R.C. 2152.16(B), 2152.22, 5139.05(B), and 5139.51. Indeed, both parties acknowledge that during the pendency of this appeal, T.J. has been released by ODYS from confinement in a secure facility for aftercare placement and that the juvenile court adopted as an order of the court the terms and conditions for aftercare placement set forth by ODYS.

{¶ 23} Recommendations like the one made by the juvenile court are anticipated in certain circumstances. For example, ODYS is required by R.C. 5139.51(A) to seek input from the court prior to releasing a child whose parole has been revoked. However, this input is solicited by ODYS through a notice provided prior to a hearing regarding discharge or supervised custody of the minor. R.C. 5139.51(A). That procedure allows consideration of facts that have developed during the child's confinement. In contrast, the trial court's recommendation to ODYS to hold T.J. for a minimum of four years was premature and unsolicited. But because the recommendation is in no way binding on ODYS, T.J. was not prejudiced by the trial court's unsolicited recommendation.

{¶ 24} The assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

FAIN and DONOVAN, JJ., concur.