[Cite as *In re K. D.*, 2014-Ohio-2368.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: K.D.  :          APPEAL NO. C-130689
         TRIAL NO. 13-7554X

         :          *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  June 4, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*The Office of the Ohio Public Defender* and *Charlyn Bohland*, Assistant State Public Defender, for Appellant K.D.

Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Judge.**

{¶1}     Appellant K.D. admitted to an act of delinquency that, if committed by an adult, would have constituted the second-degree felony of felonious assault, along with two firearm specifications.  The juvenile court committed K.D. to the Department of Youth Services ("DYS") for a minimum term of 24 months and a maximum term not to exceed his 21st birthday.  The court also imposed an additional three-year term for a firearm specification.  K.D. has appealed.

{¶2}     K.D.'s first assignment of error alleges that the juvenile court erred in imposing a minimum term of commitment of 24 months.  R.C. 2152.16(A)(1)(d) provides that if a child is adjudicated delinquent for committing an act that "would be a felony of the first or second degree if committed by an adult," the juvenile court may commit the child to DYS "for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age."

{¶3}     In *In re Williams*, 10th Dist. Franklin No. 04AP-624, 2005-Ohio-584, Williams was adjudicated delinquent for committing an act that, had it been committed by an adult, would have constituted the second-degree felony of attempted aggravated robbery.  The juvenile court committed Williams to DYS for a minimum term of two years.  The Tenth Appellate District held, and the prosecutor conceded, that the juvenile court had erred under R.C. 2152.16(A)(1)(d) in committing Williams to DYS for a minimum of two years, because the statute provided for a one-year minimum commitment for a delinquent act that would have constituted a second-degree felony.  The appellate court remanded the cause to the juvenile court "with instructions to enter judgment committing [Williams] to the

legal custody of the DYS for an indefinite term consisting of a minimum period of one year[.]"

{¶4} The Second Appellate District followed *In re Williams* in *In re T.J.*, 2d Dist. Clark No. 2005-CA-123, 2006-Ohio-4406. T.J. had admitted to an act of delinquency that would have constituted the second-degree felony of felonious assault if committed by an adult. The juvenile court committed T.J. to DYS for a minimum term of 48 months. The Second District held that the juvenile court had exceeded its authority in committing T.J. for a minimum term of 48 months, because under R.C. 2152.16(A)(1)(d), the court only had the authority to commit T.J. for a one-year minimum term. The appellate court remanded the cause to the juvenile court for resentencing.

{¶5} The Eighth Appellate District came to a similar conclusion when interpreting R.C. 2152.16(A)(1)(e), which provides that if the child is adjudicated delinquent for committing an act that "would be a felony of the third, fourth, or fifth degree if committed by an adult," the juvenile court may commit the child to DYS "for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age." In *In re D.H.*, 8th Dist. Cuyahoga No. 99880, 2013-Ohio-5134, D.H. had been adjudicated delinquent for committing an act that, if committed by an adult, would have constituted a fifth-degree-felony assault. The juvenile court committed D.H. to DYS for a minimum term of two years to a maximum not to exceed "his attaining 21 years of age." The Eighth District held that the juvenile court's disposition was contrary to law, because R.C. 2152.16(A)(1)(e) did not permit a minimum commitment of two years for the equivalent of a fifth-degree felony. The appellate

3

court remanded the cause with instructions to the juvenile court "to order a minimum period of commitment for six months."

{¶6} We point out that if the General Assembly had intended for the juvenile court to have discretion in imposing a minimum term of commitment on a juvenile adjudicated delinquent for committing the equivalent of a second-degree felony, it could have provided for such discretion, as it did in R.C. 2152.16(A)(1)(c), which states that for violations of certain provisions of the Revised Code, the juvenile court may commit the delinquent child to DYS "for an indefinite term consisting of a minimum period of one to three years * * * and a maximum term not to exceed the child's attainment of twenty-one years of age." *See Zumwalde v. Madeira and Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 24, quoting *State v. Taniguchi*, 74 Ohio St.3d 154, 156, 656 N.E.2d 1286 (1995) ("A court should give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute.").

{¶7} In this case, the juvenile court committed K.D. to DYS for a minimum term of 24 months for an act that, if committed by an adult, would have been a second-degree felony. Under R.C. 2152.16(A)(1)(d), the juvenile court had no authority to commit K.D. to DYS for a minimum term in excess of one year. The first assignment of error is sustained.

{¶8} The second assignment of error, alleging that K.D.'s counsel was ineffective in failing to object to the illegal commitment, is made moot by our disposition of the first assignment of error, and we do not address it.

{¶9} The portion of the juvenile court's judgment committing K.D. to DYS for a minimum term of 24 months for the equivalent of the second-degree felony of

4

felonious assault is reversed. This cause is remanded to the juvenile court with instructions to enter judgment committing K.D. to DYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed his 21st birthday. The judgment of the juvenile court is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

CUNNINGHAM, P.J., and HILDEBRANDT, J., concur.

Please note:

The court has recorded its own entry this date.