[Cite as *In re D.A.*, 2024-Ohio-2975.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: D.A.

:   APPEAL NO. C-240056
    TRIAL NO. 23-2361-02X

:

:   *O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is:   Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 7, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plainitff-Appellee,

*Office of the Ohio Public Defender* and *Victoria Ferry*, Assistant State Public Defender, for Defendant Appellant.

**WINKLER, Judge.**

{¶1}   D.A. was adjudicated delinquent for acts that, if committed by an adult, would have constituted the offense of failure to comply with the order or signal of a police officer under R.C. 2921.331(B), a third-degree felony. Following a dispositional hearing, the juvenile court ordered D.A. to be committed to the legal custody of the Ohio Department of Youth Services ("DYS") for a minimum period of 12 months to a maximum period not to exceed his attainment of the age of 21 years.

{¶2}   As a preliminary matter, the state contends that the appeal is not timely because it was filed more than 30 days after the date of the order appealed. *See* App.R. 4(A)(1). The state says that because it is conceding the error, it "does not oppose the appeal as untimely." But the issue is jurisdictional, and we are obligated to address questions related to our jurisdiction whether any party raises the issue. *State v. Stewart*, 1st Dist. Hamilton No. C-240255, 2024-Ohio-2150, ¶ 8.

{¶3}   The record shows that the dispositional entry was journalized on December 12, 2023, and the notice of appeal was filed on January 23, 2024. Juvenile delinquency proceedings are civil, not criminal. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.2d 784, ¶ 47; *State v. Bromagen*, 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757, ¶ 9. Therefore, App.R. 4(A)(3) applies. It provides that in a civil case, "if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." There is no indication in the record that the judgment entry was ever served. Therefore, the 30-day period has not begun to run, and the appeal is timely.

{¶4}   We turn now to the merits of the appeal. In his sole assignment of error, D.A. contends that the juvenile court exceeded its statutory authority and violated his

right to due process when it committed D.A. to DYS for a minimum term that exceeded the minimum term stated in the statute. This assignment of error is well taken.

{¶5}    R.C. 2152.16(A)(1)(e) provides that if child is adjudicated a delinquent child for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult, the juvenile court may commit the child to the legal custody of DYS for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the juvenile's attainment of 21 years of age. This court has held that a juvenile court lacks discretion to impose a term of commitment outside of the range provided by statute. *See In re K.D.*, 1st Dist. Hamilton No. C-130689, 2014-Ohio-2368, ¶ 2-7.

{¶6}    The court committed D.A. to DYS for a minimum term of 12 months, but under R.C. 2152.16(A)(1)(e), the court had no authority to do so. The state concedes the error. Consequently, we sustain D.A.'s sole assignment of error, reverse that portion of the juvenile court's judgment committing D.A. for a minimum term of 12 months for a third-degree felony, and remand the matter to the juvenile court with instructions to enter judgment committing D.A. for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed his 21st birthday.

Judgment affirmed in part, reversed in part, and cause remanded.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:
    The court has recorded its own entry this date.